UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **MAGISTRATE NO. 21-MJ-469 (RMM)** |
| | : | |
| **BRIAN CHRISTOPHER MOCK,** | : | |
| Defendant. | : | |
| | : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM

The defendant has furnished a list of comparator cases that he believes the Court should consider under *Munchel*. 991 F.3d 1273, 1284 (D.C. Cir. 2021). The list contains some cases involving assaultive conduct "in which the government did not seek detention in the first instance." (Mock's Supplemental Memorandum, ECF No. 15). While comparisons are relevant, each defendant's conduct, history, and characteristics must be assessed individually to determine whether the defendant presents a continuing danger to the community. Mock's case is distinguishable from the cited cases based upon his unique collection of circumstances that underscore his continuing dangerousness: (1) he has a violent criminal history that precedes January 6; (2) he assaulted multiple officers on January 6; and (3) he threatened a witness after January 6. This last factor renders Mock eligible for detention under 18 U.S.C. § 3142(f)(2)(B), which, at the outset, distinguishes this case from the majority of cases he cites.

As for those comparators he cites in which the defendants were eligible for detention under 18 U.S.C. § 3142(f)(1)(A), they are readily distinguishable:

- *United States v. Palmer* (21-cr-328). Palmer sprayed and threw a fire extinguisher at

1

officers who were protecting the Lower West Terrace of the Capitol and also threw a metal pole. He was charged with, among other things, assault under 18 U.S.C. § 111(b), which made him eligible for detention under 18 U.S.C. § 3142(f)(1)(A). *See United States v. Bates*, 960 F.3d 1278, 1287 (11th Cir. 2020) ("The use of a deadly weapon under § 111(b) transforms a § 111(a) act into a crime of violence."). Unlike Mock, Palmer had no violent criminal convictions, nor did he make any threats to witnesses after January 6, and he surrendered voluntarily to authorities.

- *United States v. Schaffer* (21-cr-306). Schaffer is a known Oath Keeper who was among a mob that aggressively advanced upon the officers guarding the Capitol building doors and broke through those doors. Schaffer brought bear spray with him to the Capitol, and, thus, he was eligible for detention under 18 U.S.C. § 3142(f)(1)(E) ("any felony that is not otherwise a crime of violence that involves…the possession or use of…any other dangerous weapon."). The government sought detention, and Schaffer was ordered detained. (21-cr-306, ECF No. 12, Order of Detention Pending Trial). Schaffer was not released until after he pleaded guilty and agreed to cooperate with the government. (21-cr-306, ECF No. 29, Plea Agreement, Page 5; 21-cr-306, ECF No. 26, Order Setting Conditions of Release dated April 16, 2021). Schaffer differs from Mock because he has accepted responsibility for his crimes, had no prior criminal convictions, and did not make any threats to witnesses after January 6. Schaffer also is not charged with assaulting any officers.

- *United States v. Stevens* (21-cr-40). Like Palmer, Stevens was charged with assault under 18 U.S.C. § 111(b) and was eligible for detention under 18 U.S.C.

§ 3142(f)(1)(A). Stevens pushed against a line of officers while carrying a stolen riot shield. At one point, the riot shield struck an officer on the helmet. The government did seek detention when Stevens was arrested in Florida, but a Magistrate Judge there ordered Stevens released and the government did not appeal that determination. Stevens is distinguishable from Mock because Stevens had no violent criminal history and did not make any threats to witnesses after January 6.

Mock has not identified a single case of a released Capitol riot defendant that involved the same trifecta of facts that establish his dangerousness: a violent criminal history, violent conduct at the Capitol, and threats to a witness afterward. Despite its similarity to the present case, defendant fails to mention *United States v. Worrell*, in which the Court ordered detention based on similar conduct. *United States v. Worrell*, No. 21-cr-292, ECF. No. 13, Order of Detention Pending Trial, and the District of Columbia Circuit Court affirmed in an unpublished judgment. *United States v. Worrell*, No. 21-3020, Doc. 1897399 (D.C. Cir. May 5, 2021) (per curium). Worrell discharged pepper spray gel toward law enforcement officers and made threatening statements regarding a witness upon his arrest. (*Id*. at Page 6–7). Moreover, despite his affiliation with the Proud Boys, Worrell's criminal history was not as violent as Mock's. *Worrell* supports detention in this case.

The District of Columbia Circuit Court also affirmed the detention of another Capitol riot defendant just today. *United States v. Quaglin*, 21-3028, Doc. 1903708 (June 24, 2021). In doing so, the panel in *Quaglin* emphasized *Munchel's* distinction between "those who actually assaulted police officers…". *Id*. at Page 3. While Quaglin's offense conduct on January 6 was more egregious than Mock's, Quaglin does not have a criminal history and did not make any threats to witnesses as did Mock. Like Mock, Quaglin boasted about his assaults after the fact.

Mock's violent assault of multiple officers, his violent criminal history, and his threats to a witness in this case place him solidly in the company of those defendants who present a continuing danger to the community. The government therefore respectfully requests that the Court order Mock detained pending trial because no conditions or combinations of conditions can reasonably assure the safety of the community.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        ACTING UNITED STATES ATTORNEY

        s/Amanda Jawad
        Amanda Jawad
        Assistant United States Attorney
        District of Columbia Detailee
        N.Y. Bar 5141155
        U.S. Attorney's Office
        211 W. Fort Street
        Detroit, MI 48226
        (313) 226-9116
        amanda.jawad@usdoj.gov

Date: June 24, 2021