UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> BRIAN CHRISTOPHER MOCK, ) <br> ) <br> ) <br> Defendant. ) | CASE NO. 1:21-cr-00444-JEB |

### NOTICE OF FILING

The defense requests that the attached discovery request letter, dated August 19, 2021, be made part of the record in this case.

DATED:   September 13, 2021                     Respectfully submitted,

                                                              **s/Keala C. Ede**

                                                           _____
                                                           KEALA C. EDE
                                                           Minnesota Attorney ID No. 387316
                                                           Attorney for Defendant
                                                           107 U.S. Courthouse
                                                           300 South Fourth Street
                                                           Minneapolis, MN 55415

*KATHERIAN D. ROE
Federal Defender

*MANNY ATWAL
First Assistant Defender

*DOUGLAS OLSON
Senior Litigator

CHAD M. SPAHN
Senior Investigator

OFFICE OF THE
# FEDERAL DEFENDER
**District of Minnesota**
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5858
Fax: 612-664-5850

JAMES BECKER
*SHANNON ELKINS
LISA LOPEZ
KEALA EDE
DOUGLAS MICKO
ROB MEYERS
ERIC RIENSCHE
SARAH WEINMAN
Assistant Defenders

*MSBA Certified Criminal Law Specialist

August 19, 2021

<u>VIA E-MAIL</u>

Amanda Jawad
DOJ-USAO
211 W. Fort Street, Suite 2001
Detroit, MI 48226

Re:   *United States v. Brian Christopher Mock*
      Case No. 1:21-cr-00444-JEB-1

Dear Ms. Jawad:

Thank you for discussing the status of discovery in this case with me today. To follow up on our conversation, pursuant to Federal Rule of Criminal Procedure 16, Local Criminal Rule 5.1, and other applicable authority, we formally write to request all information discoverable in this case. For any requested discovery to which the government objects, please provide a written response prior to our September 14, 2021 status conference, or sooner, that that we can meet, confer, and/or address such issues with the Court, if necessary.

To date, the government has provided the following disclosures: (1) exhibits used at the June 15, 2021 preliminary and detention hearings, including two body worn camera ("BWC") video clips from Officer W▮▮▮▮ and Officer F▮▮▮▮, still images from the BWC video clips, and images of social media postings (*i.e.*, Exhibits "A"-"T"); (2) a "Facebook Return" document (4,708 pages); (3) cell phone data and reports (27,655 pages); and (4) various reports and other documents (189 pages).

In particular, Mr. Mock's request for all discoverable information includes, but is not limited to, the following:

1. <u>Statements of Mr. Mock</u>

Please provide any oral, written, or recorded statements, or portions of any written record (including, but not limited to, government notes) containing the substance of any oral, written, recorded, or other statements, made by Mr. Mock, within the possession, control,

| | | |
|---|---|---|
| Ms. Amanda Jawad | Page 2 | RE: *United States v. Mock* |
| August 19, 2021 | | No. 1:21-cr-00444-JEB-1 |

or custody of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government or which the government intends to introduce at trial. *See* Fed. R. Crim. P. 16(a)(1)(A)-(B). If any such statements exist or are found to exist, please reduce them to writing and produce them.

In addition, in order to prepare for pretrial motions, please promptly identify and notify us of which, if any, statement(s) allegedly made by Mr. Mock the government intends to use in its case-in-chief at trial. *See* Fed. R. Crim. P. 12(b)(4).

2. <u>Documents</u>

Please provide any documents within the possession, custody, or control of the government that are material to preparing Mr. Mock's defense, that the government intends to use as evidence-in-chief at trial, or that were obtained from or belong to Mr. Mock, including but not limited to, draft arrest reports, investigator notes, memos and emails from law enforcement officers and those assisting law enforcement officers, sworn statements, lab notes, prosecution notes, witness interview notes, search warrants, and supporting affidavits pertaining to Mr. Mock's case. *See* Fed. R. Crim. P. 12(h), 16(a)(1)(E), 26.2; *Goldberg v. United States*, 425 U.S. 94 (1976).

For purposes of this letter, all documents obtained or confiscated by the government from outside sources during the investigation of this case are material to the defense's preparation. Please provide notice of any decision not to produce requested documents, so that a judicial decision as to production may, if warranted, be sought. Please also provide all documents relating to the requests pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), articulated below.

3. <u>Photographs and Recordings</u>

Please provide a copy of <u>all</u> photographs, videos, audio recordings, or any other type of recordings taken in connection with this case.

Please provide the video footage from all interview and officer interactions with Mr. Mock including, but not limited to, complete January 6, 2021 BWC video recordings from the following:

    (a) **USCP Officer S███ K████**;
    (b) **Officer W████** (partial video footage provided as Exhibit "A" to June 15, 2021 preliminary and detention hearing);

    **(c)** MPD Officer H▆▆ F▆▆ (partial video footage provided as Exhibit "E" to the June 15, 2021 preliminary and detention hearing); and
    **(d)** The Officer referred to in Count Two of the Indictment.

Please produce <u>all</u> communications, including any 911 communications, radio run communications, or any text, photo, or video message communications from the MPD Text Tip Line 50411 and the FBI Tip Line, that is within the possession, custody, or control of the government and are material to preparing Mr. Mock's defense, or that the government intends to use as evidence-in-chief at trial. *See* Fed. R. Crim. P. 16(a)(1)(E); *see also Roviaro v. United States*, 353 U.S. 53 (1957); *Brady*, *supra* (and its progeny); *Giglio*, *supra* (and its progeny); *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998) (citing Fed. R. Crim. P. 16) (holding inculpatory evidence is not immune from disclosure)).

Please also produce any photographs, video footage, or recorded communications, including radio run communications, within the possession, custody, or control of the government that are material to preparing Mr. Mock's defense, that the government intends to use as evidence-in-chief at trial, or that were obtained from or belong to Mr. Mock. *See* Fed. R. Crim. P. 16(a)(1)(E).

For purposes of this letter, all photographs or video footage obtained or confiscated by the government from outside sources during the investigation of this case are material to the defense's preparation. Please provide notice of any decision not to produce requested photographs, video footage, or recorded communications so that a judicial decision as to production may, if warranted, be sought. Please also provide all photographs, video footage, and recorded communications relating to the *Brady* and *Giglio* requests articulated below.

    4. <u>Tangible Objects</u>

Please identify all tangible objects within the possession, custody, or control of the government that are material to preparing Mr. Mock's defense, that the government intends to use as evidence-in-chief at trial, or that were obtained from or belong to Mr. Mock. *See* Fed. R. Crim. P. 16(a)(1)(E).

For purposes of this letter, all tangible evidence obtained or confiscated by the government from outside sources during the investigation of this case are material to the defense's preparation. If any such items exist or are found to exist, please notify me. Please provide notice of any decision not to produce requested tangible evidence, so that a judicial decision as to production may, if warranted, be sought.

Please also provide all information and documents concerning the chain of custody of all tangible evidence involved in this case.

5. <u>Experts</u>

If the government intends to call any expert, please provide us with the complete notice required by Federal Rule of Criminal Procedure 16, including the qualifications of the proposed expert and a written summary of the proposed testimony. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Evid. 702, 703, 705. As required by Rule 16(a)(1)(G), the summaries must describe the witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications.

6. <u>Reports of Examinations and Tests</u>

Please provide all results of physical or mental examinations, or of scientific tests or experiments, or copies thereof, within the possession, custody, or control of the government; the existence of which is known, or by the exercise of due diligence may become known, to the government; and that are material to preparing Mr. Mock's defense or that the government intends to use as evidence-in-chief at trial. *See* Fed. R. Crim. P. 16(a)(1)(F).

This includes, but is not limited to:

<u>Fingerprints:</u> Please provide all information and documents relating to any attempt to fingerprint any of the physical evidence in this case. Specifically, identify the person(s) who conducted such testing, which objects the person(s) attempted to fingerprint, the methods the person(s) used to attempt to lift prints, and the results of those efforts. We specifically request copies of any lift cards even if it was determined that the prints were not useable. Please notify us if no effort was made to fingerprint any of the evidence.

<u>DNA:</u> Please provide all information and documents relating to any attempt to conduct any DNA analysis. Specifically, identify any person(s) involved with any attempt to gather, transport, examine, or interpret DNA materials or information, the objects from which DNA evidence was sought or obtained, the methods used to attempt to gather, transport, examine, or interpret DNA materials or information, and the results of those efforts. Please notify me if no effort was made to gather, transport, examine, or interpret DNA materials or information in this case.

Please provide all information and documents relating to any other laboratory or field tests of any evidence in this case. Specifically, please identify the person(s) involved; which objects

Case 1:21-cr-00444-JEB   Document 29   Filed 09/13/21   Page 6 of 12

| | | |
|---|---|---|
| Ms. Amanda Jawad | Page 5 | RE: *United States v. Mock* |
| August 19, 2021 | | No. 1:21-cr-00444-JEB-1 |

the person(s) tested; the methods which the person(s) utilized to analyze the evidence; and the results of those efforts.

7. <u>Mr. Mock's Prior Record</u>

Please provide any and all information regarding Mr. Mock's prior criminal record. This request includes, but is not limited to, all matters known or reasonably discoverable by the government which may affect Mr. Mock's criminal history score under the United States Sentencing Guidelines or Mr. Mock's sentencing exposure. This request also includes, but is not limited to, a request for a "copy of [Mr. Mock's] prior criminal record." *See* Fed. R. Crim. P. 16(a)(1)(D); *United States v. Trejo-Zambrano*, 582 F.2d 460, 465 (9th Cir. 1978) ("prosecutor ordinarily discharges his duty under Rule 16(a)(1)(B) by supplying the accused with a copy of his F.B.I. rap sheet").

Please indicate whether the government has exercised the due diligence required by Federal Rule of Criminal Procedure Rule 16, in addition to any reliance that the government may have placed upon efforts made by the Pretrial Services Office.

8. <u>Other Offense Evidence</u>

Please provide notice of the nature of any "other crimes, wrongs, or acts" evidence ("other offense evidence") that the government intends to offer at trial in its case-in-chief or in rebuttal under Federal Rule of Evidence 404(b) or 609, together with any documents and/or tangible objects that the government intends to introduce in evidence in connection with such other offense evidence; any documents material to the defense's preparation in opposition to such other offense evidence; and any written or oral statement made by Mr. Mock relating to such other offense evidence.

9. <u>Evidence of Uncharged Conduct</u>

Please provide any evidence regarding other crimes or uncharged misconduct that the government intends to introduce at trial or for the purposes of sentencing.

10. <u>Witnesses or Informants</u>

Please identify any and all confidential informants, percipient witnesses, and/or individuals who may have information relating to this case, including witnesses the government does not intent to call at trial, and produce any written or oral statements of such witnesses or individuals. *See Roviaro*, *supra*.

**Specifically, please identify the individuals referred to as "an officer" in Count Two of the**

| | | |
|---|---|---|
| Ms. Amanda Jawad | Page 6 | RE: *United States v. Mock* |
| August 19, 2021 | | No. 1:21-cr-00444-JEB-1 |

**Indictment, and "Officer S.K." in Count Three of the Indictment, including the contact information and any medical information the government plans to use to support the allegations in the Indictment.**

Please also provide a list of names of all law enforcement officers, as well as individuals who assisted those officers, involved in this case in any way, however minimal, and their respective badge numbers and CAD numbers, as this information is material to preparing Mr. Mock's defense.

Lastly, please provide a list of names and contact information for each and every person the government may call as a witness in the presentation of its case-in-chief or during rebuttal.

11. Grand Jury Testimony

Please provide any grand jury testimony of any government witness who may testify at a pretrial hearing or at trial. *See* Fed. R. Crim. P. 26.2; *Allen v. United States*, 390 F.2d 476 (1968); *Dennis v. United States*, 384 U.S. 855 (1966). Specifically, please provide all grand jury testimony relating to the indictment in this case.

12. Additional *Brady* Requests

Pursuant to *Brady* and its progeny, please provide all documents, statements (including but not limited to investigator notes, lab notes, prosecution reports, and witness interview notes that could be considered statements) agent reports, emails, text messages, photos, videos, other recordings, tangible evidence, forensic evidence (including but not limited to computer forensic evidence, fingerprint evidence, serology evidence, DNA evidence, handwriting evidence, and cell phone tower record evidence), and all other materials that are arguably favorable to Mr. Mock on the issue of guilt and/or punishment, including that which arguably weighs in favor of a lower sentence under 18 U.S.C. § 3553(a), or which negatively affects the credibility of the government's case.  *See, e.g., Strickler v. Greene*, 527 U.S. 263, 280 (1999) (duty to disclose encompasses impeachment evidence as well as exculpatory evidence) (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985)); *United States v. Bowie*, 198 F.3d 905, 907 (D.C. Cir. 1999) ("Evidence affecting the credibility of government witnesses is a category of exculpatory information potentially within *Brady's* disclosure obligation."  (Citing *Giglio*, 405 U.S. at 154.)); *In re Sealed Case* (*Brady* Obligations), 185 F.3d 887 (D.C. Cir. 1999).  Moreover, the government is obligated to investigate whether anyone acting on behalf of the government, including the police, either possess or know of such evidence.  *See Kyles v. Whitley*, 514 U.S. 419 (1994).

Should you have any question with regard to whether certain information constitutes *Brady*

material, please seek an *in camera* determination as to whether it should be produced, and notify us that an *in camera* presentation will be made.

Pursuant to *Giglio* and its progeny please produce any information the government knows or of may reasonably discovery which might bear unfavorably upon the credibility of any witness the government may call to testify at trial. This *Giglio* request is a specific *Brady* demand, but should not be construed as a limitation on the scope of what constitutes *Brady* material. This request includes but is not limited to:

(a) all information about any lawsuit (including any lawsuit with a liability finding), judicial or adverse credibility finding, finding of misconduct, or sustained complaint or investigation (including PD-750s, letters of prejudice, and official reprimands), and any finding of any violation of any individual's constitutional rights, against any officer involved in the investigation and prosecution of this case, **including but not limited to USCP Officer S▇▇▇ K▇▇▇▇, Officer W▇▇▇, MPD Officer H▇▇▇ F▇▇▇ and the Officer referred to in Count Two of the Indictment.** We request that you search the files of the D.C. Office of Police Complaints ("OPC"), Internal Affairs Bureau ("IAB"), Internal Affairs Division ("IAD"), and any other sources of personnel information, including but not limited to MPD's Personnel Performance Management System ("PPMS"). Please also consult the D.C. Office of the Attorney General ("OAG"), request that it search its database for the requested information, and disclose any such information. We further request the source documents for any such information and a proffer of the steps you have taken to locate this information;

(b) all information about any complaints, letters of prejudice, lawsuits, intervention plans, or investigations of conduct pending at any point during this case (even if resolved without a finding of misconduct) or currently pending involving any officer involved in the investigation and prosecution of this case, including those listed above in 12(a). We request that you search OPC, IAB, and IAD files and any other sources of personnel information, including but not limited to MPD's PPMS and Supervisory Support Program ("SSP"). Please also consult the OAG, request that it search its database for the requested information, and disclose any such information. We further request the source documents for any such information and a proffer of the steps you have taken to locate this information;

(c) any and all government communications ever sent, received, or forwarded by any officer involved in this case that contains language that is inappropriate, offensive, discriminatory, or suggestive of bias or profiling.

This request not only includes any communication in connection with the instant case, but also any other communications by the relevant officers which were sent or received at any other time which contain information which may be offensive, inappropriate, discriminatory, or indicative of bias or profiling. Communications of this nature are clearly material to the defense in this case as evidence of potential bias against Mr. Mock. Such communications are also material to the defense because they relate to the credibility of any officers who may be testifying on behalf of the government. *See* U.S. CONST. amend. VI; Fed. R. Crim. P. 16; *Davis v. Alaska*, 415 U.S. 308 (1974) (and its progeny); *Brady*, 373 U.S. 83 (and its progeny);

(d) all information about any misconduct by, complaints of misconduct against, and/or disciplinary action taken against any prospective government witness or informant;

(e) any and all information that any officer involved in this matter is a subject or target of an internal law enforcement investigation, or a subject or target of any government investigation;

(f) all information arguably showing or tending to show that any prospective government witness or informant has manufactured, falsified, or planted evidence, whether in physical or testimonial form, in connection with any criminal arrest or charge;

(g) all information about any prospective government witness or informant failing to follow government regulations in connection with the investigation, arrest, and post-arrest treatment of any suspect;

(h) any evidence or information arguably supporting the proposition that any prospective government witness or informant is biased or prejudiced against Mr. Mock, has a motive to falsify or distort his or her testimony, or has a motive to lie against Mr. Mock, *see Pennsylvania v. Ritchie*, 480 U.S. 39 (1987);

(i) any prospective government witness's or informant's prior adult and juvenile criminal record, including arrests and any cases that were dismissed or are pending;

(j) any evidence, including evidence not related to any criminal prosecution, that any prospective government witness or informant has engaged in any

Case 1:21-cr-00444-JEB  Document 29  Filed 09/13/21  Page 10 of 12

| | | |
|---|---|---|
| Ms. Amanda Jawad | Page 9 | RE: *United States v. Mock* |
| August 19, 2021 | | No. 1:21-cr-00444-JEB-1 |

    criminal act, prior bad act, or engaged in any conduct suggesting that the witness or informant is untruthful, *see* Fed. R. Evid. 608(b);

(k)    all information about any prospective government witness or informant making a false statement, whether or not under oath, and whether or not an adjudication or finding of a false statement has been made;

(l)    all information about any direct or implied promises of benefit or leniency in whatever form made to any prospective government witness or informant with respect to this or any other case;

(m)    all information concerning any psychiatric, psychological, or emotional problems any prospective government witness or informant may have, regardless or whether the witness or informant ever received any mental health treatment, and/or any information about his or her mental health treatment;

(n)    all information (including but not limited to drug test results) concerning whether any prospective government witness or informant has ever distributed, possessed, or used any illegal drug, including but not limited to all information related to: the length and extent of the witness's or informant's addiction to or use of narcotic drugs or participation in a drug treatment program of any kind; whether any prospective government witness or informant has ever misused or mishandled any legal drug; whether any prospective government witness or informant was under the influence of alcohol, narcotics, or any other substance at the time of the observation about which the witness will testify or about which any informant has provided information;

(o)    all information regarding any impairment suffered by any prospective government witness either at the time of the events about which the witness will testify or at the time the witness testifies, including but not limited to, any visual, hearing, physical, or mental impairment the witness may have had or currently has;

(p)    all information regarding evidence that any person may have influenced Mr. Mock to participate in the alleged offense charged in the pending indictment;

(q)    all information regarding whether any government agent, informant, or anyone else acting at the government's direction has communicated with

    Mr. Mock since the commencement of adversarial proceedings against him and, if such contact has been made, the names of such individuals and the details surrounding the circumstances of such communications as well as all statements made by both Mr. Mock and the government agent, *see generally Brady*, 373 U.S. at 87; *Maine v. Moulton*, 474 U.S. 159, 176-77 (1985); *United States v. Henry*, 447 U.S. 264, 274-75 (1980);

(r)  the name and contact information of any person(s) known to the government to whom any prospective government witness or informant has made statements relating to the indictment, which statements were arguably inconsistent with statements made by the witness or informant to law enforcement officers;

(s)  all information concerning any civil, tax, court of claims, administrative, immigration, or other pending or potential legal disputes or transactions that any government agency or official has with, or may potentially have with, any prospective government witness or informant, including all information relating to the witness's or informant's falsification of tax information or knowing participation, whether before or after the fact, in fraudulent tax practices; and

(t)  all information concerning any prospective government witness's or informant's immigration status.

In order to adequately prepare for any motions hearing and for trial, please produce this information as soon as possible. Please notify me if special arrangements are necessary. We also request that no material subject to discovery under Fed. R. Crim. P. 16 be forwarded to the Court in this case except under seal unless the Court orders otherwise.

Pursuant to Fed. R. Crim. P. 16(c) and Local Criminal Rule 5.1, the above requests are of a continuing nature. We would appreciate your assistance in ensuring that discoverable material is made available as early as possible so as to avoid any unnecessary inconvenience to the Court in dealing with last-minute motions or delays relating to trial and preparation for trial.

Finally, we request that all government agents be directed to preserve all of their rough notes and other documents or objects that may be material to this case.

Please let me know if you would like to discuss any of the above requests further via teleconference. Thank you for your assistance and prompt attention to this matter.

Sincerely,

*s/ Keala C. Ede*

Keala C. Ede
Assistant Federal Defender

KCE/hak

Cc: Brian Christopher Mock (*via U.S. mail*)