UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-444 (JEB) |
| v. | : | |
| | : | |
| BRIAN CHRISTOPHER MOCK, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MEMORANDUM**
**REGARDING STATUS OF DISCOVERY AS OF OCTOBER 21, 2021**

The United States files this memorandum for the purpose of describing the status of implementation of our discovery plan in relation to voluminous sets of data that the government collected and continues to collect in its investigation of the Capitol Breach cases, among which may be interspersed information the defense may consider material or exculpatory. The materials upon which this memorandum is focused include, for example, thousands of hours of video footage from multiple sources (e.g., Capitol surveillance footage, body-worn-camera footage, results of searches of devices and Stored Communications Act ("SCA") accounts, digital media tips, Parler video, and news footage), and hundreds of thousands of investigative documents including but not limited to interviews of tipsters, witnesses, investigation subjects, defendants, and members of law enforcement.

**Status of Defense Evidence.com Database**

On September 3, 2021, the United States modified its contract with Axon Enterprise, Inc. ("Axon"), our evidence.com vendor. Pursuant to the modification, the government funded a Capitol Breach defense instance of evidence.com and purchased licenses that will enable legal defense teams to gain access to evidence.com and view voluminous video evidence. The defense instance is managed and administered by the Federal Public Defender for the District of

Columbia ("FPD"), who is acting as the Discovery Liaison for defense counsel in Capitol Breach cases, and the government has no ability to log into or retrieve information from the defense instance.

In conjunction with the Defender Service's National Litigation Support Team, FPD created a structure for distributing and tracking evidence.com licenses for defense counsel. As of October 18, 2021, FPD has sent emails to all Capitol Breach defense counsel with instructions on how to request a license for the legal defense team to view videos in evidence.com. FPD also developed a "Quick Start Guide" that it simultaneously circulated to all Capitol Breach defense counsel, with instructions for registering an account, logging into evidence.com, and further describing how video discovery may be shared with their clients through the evidence.com platform consistent with the standard Capitol Breach protective order.

### Status of Production of Video Footage

The following video footage has been shared to the defense instance of evidence.com and is accessible to any Capitol Breach defense counsel who requests a license:

- 16,925 U.S. Capitol Police ("USCP") Closed Circuit Video ("CCV") files consisting of approximately 4,800 hours (over four terabytes) of footage from 515 cameras located inside the U.S. Capitol Visitor Center and on the Capitol grounds. To assist the defense in locating relevant USCP CCV, we have also produced (via USAfx) 15 camera maps of the interior of Capitol Visitor's Center and the interior of the Capitol.

- 1,676 Metropolitan Police Department ("MPD") body-worn-camera ("BWC") files consisting of approximately 1,600 hours of footage recorded by over 900 officers between 1:00 p.m. and 6:00 p.m. on January 6, 2021. To assist the defense in locating officers who may have recorded body-worn-camera footage at a particular location and time, we also produced (via USAfx) a spreadsheet created by the Discovery Team based on MPD radio Global Positioning Satellite records.

**Status of Defense Relativity Workspace**

On October 13, 2021, the United States modified its contract with Deloitte Financial Advisory Services, LLP ("Deloitte") to fund a Capitol Breach Relativity workspace and purchase licenses that will enable legal defense teams to gain access to the database. FPD is now consulting with Deloitte concerning the construction and organization of the defense workspace and creating a structure for distributing Relativity licenses to defense counsel. FPD will notify Capitol Breach defense counsel on how to obtain Relativity license access once the defense workspace is constructed and organized and is ready to be populated with documents.

**Status of Production of Documents**

Since our last filing describing the status of discovery as of September 14, 2021, the following materials and a corresponding index have been made available for sharing with Capitol Breach defense counsel via USAfx:

- 42 files that consist of MPD internal investigation reports and exhibits (739 pages);
- 31 files consisting of digital exhibits to previously produced USCP Office of Professional Responsibility ("OPR") reports;[1] and
- USCP radio communications and draft transcripts.

**Contents of Government Relativity Database**

Our Relativity database currently contains over 33,000 records from USCP, 23,000 records from MPD, and 56,000 records from the FBI's main Capitol Breach file (of which about 29,000 pertain to individual defendants and are likely to overlap with materials already produced in the specific cases to which they are most directly relevant).

---

[1] On September 10, 2021, we made available via USAfx 35 files consisting of 28 reports from USCP OPR investigations of alleged wrongdoing by USCP officers on January 6, 2021.

**Manner of Productions Going Forward**

In terms of the manner in which discovery will be produced going forward:

- We will continue to utilize evidence.com to produce voluminous video footage in all Capitol Breach cases.

- Until Relativity access is available to Capitol Breach defense counsel, limited productions such as those described above will continue to be made available to counsel via USAfx, as well as produced to the defense Relativity workspace.

- Once defense counsel have access to Relativity, it will become the primary method for producing voluminous documents. However, we will still continue to make organized productions and issue discovery letters to defense counsel describing materials that have been added to the defense database.

- Certain materials, because of their nature or volume, will only be produced to the defense Relativity workspace. E.g., case-specific discovery that has been provided in *other* defendants' cases and the results of searches of devices and SCA accounts. Those materials will become accessible to defense counsel once FPD distributes licenses for Relativity.

**Incarcerated Defendants**

In collaboration with FPD, we have developed a proposal to increase access by incarcerated defendants to discovery materials by providing access to e-discovery (by providing limited evidence.com and Relativity access to inmates via wi-fi and increasing the number of computers available for discovery review). FPD and our office had a productive meeting with representatives from the D.C. Department of Corrections ("DOC") about the e-discovery proposal on Wednesday, October 20, 2021. At the meeting, representatives of DOC indicated they would explore with the Director whether a pilot e-discovery program consistent with our proposal, beginning with Capitol Breach defendants, may be implemented consistent with the DOC's security concerns and Internet capacity. We are meeting again on October 27, 2021, at which time we expect to obtain requested technical and logistical information from the DOC that would be essential to implementing our joint proposal.

We understand there are four defendants who are currently proceeding *pro se*, three of whom are detained. We are currently developing a plan for access to voluminous materials by *pro se* defendants and will inform the Court once we have finalized our approach, after collaboration with FPD.

## Future Productions

Among the documents we expect future productions to include are:

- The remainder of USCP CCV (4,204 files), which is mainly comprised of footage that has been deemed Highly Sensitive, e.g., footage of the interior of the Capitol;[2]
- The remainder of MPD BWC footage (largely consisting of footage outside the 1:00 to 6:00 p.m. timeframe), and BWC footage from Arlington County Police (124 files), Fairfax County Police (24 files), Montgomery County Police (60 files), and Virginia State Police (48 files);
- U.S. Secret Service surveillance camera footage (143 videos);
- Video recordings made by officers of MPD's Electronic Surveillance Unit;
- Camera map for Capitol grounds;
- Supplemental exhibits to USCP OPR reports;
- USCP After Action Reports;
- MPD Aerial Surveillance Unit Photos;
- Permits for Demonstrations at the U.S. Capitol;
- Additional MPD internal investigation reports;
- MPD and Virginia State Police radio transmissions;
- Legal process pertaining to the collection of geolocation data from Google, Inc. and various additional providers;
- BWC Spreadsheet and zone maps (work product created to assist in review of BWC footage);
- Statements made by members of law enforcement during interviews arising out of the Capitol Breach investigation;
- Discoverable MPD, USCP and FBI records and memoranda currently (or shortly to be ingested) into Relativity;
- Case-specific discovery of other defendants (i.e., discovery already produced to the defendant for whom it is directly relevant, but which will be made accessible to all defendants);
- Results of searches of devices and SCA accounts; and

---

[2] To be clear, we are not producing via evidence.com footage that constitutes "Security Information" pursuant to 2 U.S.C. § 1979, i.e., the 17 hours of CCV footage that relate to the evacuation of Congressional Members. The disclosure of this footage will be handled separately.

5

- Custodial statements of (other) defendants.

## Substantial Completion of Discovery

We understand that the Court would like us to project when production of voluminous materials will be substantially complete. As an initial matter, to reach the point where we can assess a potential date of substantial completion, the government has taken and continues to make substantial efforts, including:

- Appointing a Capitol Breach Discovery Coordinator in January;
- Assembling a Capitol Breach Discovery Team consisting of experienced attorneys, project managers, and litigation technology professionals;
- Collecting information from multiple sources involved in the response to and investigation of the Capitol Breach;
- Collaborating with FPD to develop a standard protective order for Capitol Breach cases;
- Identifying database solutions for making terabytes of video and documents accessible to hundreds of defendants, funding defense databases and obtaining licenses for all Capitol Breach defense counsel, and collaborating with FPD to execute these solutions;
- Reviewing specific discovery requests by defense counsel to ensure the appropriate materials are prioritized for production;
- Creating protocols and procedures to ensure that (a) case-specific discovery is provided, (b) defendants will receive complete copies of unscoped devices and SCA accounts upon request; (c) devices and SCA accounts are systematically filtered for attorney-client communications; and (d) relevant scoped data and custodial interviews will be uploaded to the government's discovery databases for production to all; and
- Creating proposals for increasing access to discovery by incarcerated defendants.

We will soon begin to load into Relativity several hundred thousand FBI records (a substantial portion of which may not be directly related to any charged defendants). These materials that have been undergoing pre-processing to ensure, among other things, that any materials that might be subject to protection under Federal Rule of Criminal Procedure Rule 6(e) are segregated for processing internally. Once these documents are loaded in Relativity, we will be able to better assess and execute our plan for reviewing them and producing them in discovery. We are also currently engaged in a concerted effort to consolidate scoped search

results from thousands of devices and SCA accounts for ingestion by Deloitte. We thus expect to be in a better position to provide the Court an estimate of the time necessary for substantial completion within the next two weeks.

As many documents may not be discoverable or may be duplicative, neither the Court nor defense counsel should expect the size of the productions to the defense to mimic the size of the government's Relativity workspace.

## Conclusion

In sum, we have made substantial progress in our diligent efforts to provide the defense comparable discovery review platforms for both documents and digital media, to populate those platforms, and to use alternative means to provide the most relevant discovery without delay. We will diligently continue to transfer data to our vendors, process it for production, and make interim productions by other means until the defense platforms are in place. As we continue to implement our plan, we will continue to file status memoranda with the Court on a regular basis.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By:    /s/ *Emily A. Miller*
EMILY A. MILLER
Capitol Breach Discovery Coordinator
DC Bar No. 462077
555 Fourth Street, N.W., Room 5826
Washington, DC 20530
Emily.Miller2@usdoj.gov
(202) 252-6988

By:    s/*Amanda Jawad*
AMANDA JAWAD
Assistant United States Attorney, Detailee
NY Bar No. 5141155
211 W. Fort Street
Detroit, MI 48226
Amanda.Jawad@usdoj.gov
(313) 226-9116