**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-444 (JEB)** |
| | : | |
| **BRIAN CHRISTOPHER MOCK,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS**

Defendant Brian Mock moves this Court to dismiss all counts of the Indictment. Because

he has not provided an appropriate basis for dismissal under Federal Rule of Criminal Procedure

12(b), his motion should be denied.

**I.      Facts and Procedural History**

Brian Mock is charged with crimes stemming from his assault of at least two Capitol

police officers during the breach of the United States Capitol on January 6, 2021. As set forth

in the Statement of Facts attached to the Complaint (ECF 1-1), shortly before Mock's assaults,

a crowd of rioters had assembled near the media tower on the Capitol grounds. Law

enforcement officers were using a line of bike racks as a barrier between them and the

increasingly violent crowd. The rioters eventually breached the line and swarmed the officers,

advancing toward the first landing of the Lower West Terrace and assaulting several of the

officers.

Just before 2:30 p.m., Mock shoved a Capitol police officer (Victim 1) to the ground

while another rioter grabbed Victim 1's leg. Mock then appeared to kick Victim 1 as he lay on

the ground. Other rioters continued to assault Victim 1. Shortly after assaulting Victim 1,

Mock can be seen on body-worn camera video aggressively shouting at the officers and pointing at them yelling "Get out! Go!" multiple times. About four minutes after Mock assaulted Victim 1, at 2:34 p.m., the crowd of violent rioters began advancing further on the Lower West Terrace. Another Capitol police officer (Victim 2) was holding a police shield as protection. Mock shoved Victim 2 to the ground. As Victim 2 was still on the ground, the crowd continued to advance and assault other officers. After shoving Victim 2 to the ground, Mock picked up multiple Capitol police riot shields and passed them back to the members of the crowd. Upon his return home, Mock bragged to associates that he "beat the sh*t" out of officers. He also threatened the woman who had gone to the Capitol with him, telling her that he would "make it bad" for her if she spoke with the FBI.

The FBI arrested Mock on June 11, 2021. After a magistrate judge in the District of Minnesota ordered Mock released, Chief Judge Howell reversed the magistrate court's decision and ordered Mock detained. ECF 20. Mock was indicted on June 30, 2021, on the following counts:

- civil disorder, in violation of 18 U.S.C. § 23l(a)(3);

- assaulting and resisting or impeding certain officers, in violation of 18 U.S.C. § 111(a)(l);

- theft of government property, in violation of 18 U.S.C. § 641;

- entering and remaining in a restricted building or grounds, in violation of 18 U.S.C.  § 1752(a)(1);

- disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. 1752(a)(2);

- engaging in physical violence in a restricted building or grounds, in violation of 18 U.S.C. 1752(a)(4);

- disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and

- act of physical violence in the Capitol grounds or building, in violation of 40 U.S.C. § 5104(e)(2)(F).

ECF 22.

On September 14, 2021, this Court granted Mock's motion to represent himself *pro se* and he has proceeded that way since. On November 22, 2021, the Court granted Mock leave to file a motion to dismiss all counts. ECF 35.

## II.      Argument

Federal Rule of Criminal Procedure 12 governs pretrial motions. Fed. R. Crim. P. 12. Under Rule 12(b), a defendant may move for dismissal based on a defect in the indictment. *See* Fed. R. Crim. P. 12(b)(B)(i)–(v). Rule 12(b) motions are also appropriate to consider "such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (*citing United States v. Smith*, 866 F.2d 1092, 1096 n. 3 (9th Cir.1989)).

Mock moves for dismissal based on "dereliction of duty, insubordination, and excessive use of force by the United States Capitol Police and other law enforcement agencies at and around the Capitol building and grounds during the events of 1/6/21." ECF 35, Page 2. He appears to argue that alleged "breakdowns in training, preparedness, response, communication, action, negligence, insubordination, dereliction of duty and ultimate excessive force" were somehow responsible for the violence that occurred on January 6. *Id*. at Page 3. Mock appears to raise a self-defense argument, claiming that those who engaged in direct contact with law enforcement on January 6 did so in response to excessive police violence. *Id.* at Page 4. Mock also includes various statements and quotes from the United States Capitol Police Office of Professional Responsibility reports produced in discovery, citing some instances of alleged

officer misconduct. *Id.* at Pages 6, 8, 11–12, 15–16, 18–22, 24–30. Mock also challenges the

FBI investigation, calling it a "sham" and claiming his charges are based on "lies and fraud." *Id.*

at Page 15.

It is well-settled that "a court may not dismiss an indictment...on a determination of

facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347,

1354 (11th Cir.1987); *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). And a

Rule 12(b) motion to dismiss is not the proper way to raise a factual defense—which is what

Mock appears to be doing here. *United States v. Snyder*, 428 F.2d 520, 522 (9th Cir.); *United*

*States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). Mock's arguments are thus not properly

raised in a motion to dismiss and should be rejected.

Mock makes no challenge to the sufficiency of the Indictment in his motion, but even if

he did, those claims would fail. An indictment is sufficient if it "contains the elements of the

offense charged and fairly informs a defendant of the charge against which he must defend, and

second, that it enables him to plead an acquittal or conviction in bar of future prosecutions for

the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108-10 (2007) (cleaned up),

quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974). The indictment "should be read in

its entirety, construed according to common sense, and interpreted to include facts which are

necessarily implied." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007). In

addressing a motion to dismiss, the indictment "must be viewed as a whole and the allegations

must be accepted as true in determining if an offense has been properly alleged." *United States*

*v. Bowdin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). An indictment that charges an offense by

tracking the statutory language and identifies all the elements is generally sufficient to call for a

trial on the merits. *See United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976) ("The

validity of alleging the elements of an offense in the language of the statute is, of course, well

established."). Each of the charges in the Indictment does just that. ECF 22.

Because Mock does not raise any defects in the Indictment that would be an appropriate

basis for dismissal under Rule 12(b), his motion should be denied.

Respectfully submitted,

Matthew M. Graves
United States Attorney

By:     *s/Amanda Jawad*
Amanda Jawad
NY Bar No. 5141155
Assistant United States Attorney
District of Columbia Detailee
211 W. Fort Street
Detroit, MI 48226
(313) 226-9116
Amanda.Jawad@usdoj.gov

Date: December 7, 2021

I hereby certify that our office mailed a
copy of the above filing to *pro se* defendant
Brian Mock.

*s/Amanda Jawad*
Amanda Jawad