UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

      *Plaintiff*,

  *vs.*　　　　　　　　　　　　　　Case No. 21-cr-444-JEB

BRIAN CHRISTOPHER MOCK,

      *Defendant*.

---

### DEFENDANT'S MOTION TO MODIFY BOND CONDITIONS
### (GPS-MONITORING AND CURFEW)

Brian Mock, by counsel, moves the Court to remove his pretrial release's GPS-monitoring and curfew conditions[1] because neither is reasonably necessary to assure his appearance or keep the public safe. Counsel attempted to learn the District's U.S. Probation Office's position on this motion, but an email inquiry sent last week hasn't been returned. Counsel learned from Mock's local supervising officer that the local U.S. Probation Office does not take a position.

---

[1]    The conditions are items 7.p. and 7.q. in Mock's release order. (*See* DE 52:2-3.)

1. Mock was released to the community on May 24, 2022—that was 8 months ago. (*See* DE 50.) If he had any intention of fleeing, or if he were a public safety problem, the Court would have evidence of it by now. It doesn't because he's not a flight risk and he's not dangerous. Better still, the risk-window is closing because his pretrial release ends—at the latest—the week of May 15 after the trial results in verdicts. Or, if he pleads before trial, the period is even shorter. Put another way, opening statements are 96 days away. The chances that he'll go completely off the rails in these last three months are remote.

2. The Court should acknowledge too that it's not as if these conditions are among Mock's reasons for his successful run on pretrial release. He's had a successful run on pretrial release because he's responsible and knows how to follow rules—and does. Even if he did want to flee—and he doesn't—he doesn't have the capital for it. If he did have the necessary wealth, counsel wouldn't have been appointed for him. Flight is not realistic, and he knows it's not realistic. He also knows the stakes. His guidelines range is only a few years, and his pretrial detention gives him nearly 12 months credit already. As a practical matter, the couple years in play make it silly to run. He'd be punished more severely for absconding than he would for the charges he's facing.

3. Finally, the Court has ample evidence that Mock isn't a significant danger. It has allegations of violence from a single day two years ago. Troubling allegations, no doubt. But he hasn't run afoul of the law in the 260 days he's been out. Better still, he managed a challenging situation during his months in Virginia with his third-party custodian. He's shown the Court that he knows how to deal with conflicts in responsible and effective ways.

4. The bottom line is that the GPS monitoring and curfew conditions are overkill for Mock's risk-profile. The Bail Reform Act directs the Court to seek the least restrictive set of rules consistent with the Act's goals of ensuring defendants show up and don't endanger the community. His eight months of compliance—not to mention his visible enthusiasm and engagement during hearings—should persuade the Court that what may have been necessary back in May 2022 isn't necessary today. The Court knows much more about him than it did then. The facts are different, so the conditions should be different.

Dated at Madison, Wisconsin, this February 8, 2023.

Respectfully submitted,

*Peter R. Moyers*

Peter R. Moyers
Counsel for Mr. Mock

THE MOYERS LAW FIRM, LLC
601 Sawyer Terrace
#5041
Madison, Wisconsin 53705
Tel: 608-286-8399
peter@moyerslawfirm.com