UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    *Plaintiff*,

  *vs.*                                                                  Case No. 21-cr-444-JEB

BRIAN CHRISTOPHER MOCK,

    *Defendant*.

**DEFENDANT'S MOTION TO CONTINUE ALL DATES BY 60 DAYS**

Brian Mock moves the Court for a 60-day continuance of all remaining dates, including the May 15, 2023, trial date.[1] The Court should grant the motion because 61 days aren't enough to prepare defenses to the Second Superseding Indictment's two brand new charges and four revised charges, which combine to nearly triple Mock's sentencing exposure. It's too much new evidence, and the new allegations implicate statutes that have been outside the defense's preparation's scope. A continuance of no less than 60 days is necessary for the quality trial all stakeholders deserve.

---

[1] On January 26, 2023, at a status hearing, the Court set the remaining dates in the case, including trial, which begins on Monday, May 15, 2023.

1. On January 9, 2023, counsel entered his appearance. (DE 60.) Mock was facing the nine counts in the Superseding Indictment. (DE 36.) The most serious count was Count 4—a Section 641 theft charge that carries a 10-year maximum prison term. The total exposure among the counts was 30.5 years.

2. At the January 26 status conference, the Court and the parties settled on the May 15 trial date. The schedule was an aggressive one. After all, the period between counsel's January 9 appearance and May 15 is 126 days. At a minimum, four months to prepare for trial—to go from zero to expert—isn't leisurely.

3. The aggressive schedule didn't trouble counsel for two reasons. First, Mock's immersion in his case's facts and law made catch-up a breeze. He walked counsel through the terabytes of discovery. Second, the guidelines range with a plea was less than three years. The range with a trial was under five. Mock still has about 11 months custody credit. So, the differences among a trial win, a plea, and a trial loss were relatively small.

4. On March 15, 2023, the government filed the Second Superseding Indictment. It added a Section 1512(c)(2) charge, which carries 20 years. It also added a Section 111(b) charge—its maximum is a 20-year prison term. Finally, it revised the four Section 1752 charges to include a

dangerous weapon element, raising the exposure from 4 years to 40 years. Its combined sentencing exposure is 99.5 years. The differences among a trial win, a plea, and a trial loss are not small.

5. There are 51 days left before trial. The raised stakes wouldn't be so troublesome if it weren't for the new universe of facts. Mock and his counsel are equally unfamiliar with the relevant evidence.

6. Crude percentages are instructive here. The Superseding Indictment centered on two assaults. The latest indictment adds a third. That's a 50% increase. A 60-day continuance is about a 50% increase in counsel's trial preparation time. The nearly 200% increase in sentencing exposure makes a 60-day setover seem reasonable. And it seems reasonable because it is.

7. The defense is tempted to ask for 90 days because this is the most cumbersome and user-unfriendly discovery disclosure process counsel has encountered in approximately 500 federal criminal cases. Counsel tried twice to get access to a particular database. Both efforts took about an hour; so, after two hours counsel still doesn't have access to all the evidence. To be sure, the vendor offers trainings. Counsel intends to attend a training session as soon as the vendor answers counsel's requests for

access. But with 51 days left, the defense shouldn't be having discovery access problems and two new charges to fight.

Dated at Madison, Wisconsin, this March 25, 2023.

Respectfully submitted,

*Peter R. Moyers*

Peter R. Moyers
Counsel for Mr. Mock

THE MOYERS LAW FIRM, LLC
601 Sawyer Terrace
#5041
Madison, Wisconsin 53705
Tel: 608-286-8399
peter@moyerslawfirm.com