UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-444 (JEB) |
| v. : | |
| : | |
| BRIAN CHRISTOPHER MOCK, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO CONTINUE ALL DATES BY 60 DAYS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Defendant's Motion to Continue All Dates By 60 Days ("Def.'s Mot."), ECF No. 69. For the reasons set forth below, the Defendant's motion should be denied in all respects but one.[1]

**I.   PROCEDURAL BACKGROUND**

The FBI arrested Mock over 21 months ago, on June 11, 2021. Less than three weeks later, on June 30, 2021, Mock was indicted by a federal grand jury in the District of Columbia and charged with nine counts, including three felonies, related to his role in the riot at the U.S. Capitol on January 6, 2021. ECF No. 22. Approximately five months after the initial indictment, on December 1, 2021, the federal grand jury returned a Superseding Indictment against Mock, ECF No. 36, which removed "Vice President-elect" language from Counts Five, Six, and Seven—which charged violations of 18 U.S.C. §§ 1752(a)(1), (2), and (4), respectively—but did not bring additional charges.

---

[1] As the government informed defense counsel by email on March 22, 2023, although the Court's motions deadline has passed, the government does not object to Mock having an opportunity to file dispositive motions relating to the new charges, Counts One, Five, and Six, or the addition of the dangerous weapon enhancement to Counts Eight, Nine, and Ten. *See* ECF No. 64.

On March 15, 2023, a federal grand jury returned the Second Superseding Indictment against Mock. ECF No. 64. In relevant part, the Second Superseding Indictment added one count of 18 U.S.C. §§ 1512(c)(2) and 2 (obstruction of an official proceeding and aiding and abetting) (Count One), one count of 18 U.S.C. § 111(a)(1) and (b) (assaulting, resisting, or impeding certain officers using a dangerous weapon) (Count Five), and one count of 111(a) (assaulting, resisting, or impeding certain officers) (Count Six). *See id.* The Second Superseding Indictment also converted the previous three counts of 18 U.S.C. § 1752 violations to felonies by adding subsection (b)(1)(A), the dangerous weapon enhancement. *See id.* (Counts Eight, Nine, and Ten).

Trial is scheduled to begin on May 15, 2023. The defendant has repeatedly stated that will waive his right to a jury and opt for a bench trial, which the government does not oppose. This is Mock's fourth trial date. He was previously scheduled to begin trial on April 18, 2022; May 16, 2022; and February 14, 2023. Mock requested and received continuances each time.[2]

Now, Mock argues that the new and revised charges necessitate at least an additional 60 days to prepare for trial, requests the Court vacate the fourth trial date, and seeks to reset trial no earlier than July 2023. *See* Def.'s Mot. The government opposes.

## II.  DISCOVERY HISTORY

The government has consistently not just met but exceeded its discovery obligations. By August 2021 (i.e. over a year and a half ago), the government had produced the vast majority of *case-specific* discovery to Mock through his attorneys of record. *See* ECF No. 28. Additionally,

---

[2] Mock has had a total of three defense counsel—Keala Ede, William Shipley, and now Peter Moyers. There was also a period between Mr. Ede and Mr. Shipley during which Mock represented himself *pro se*. (The government's tally does not include Shelli Peterson, who briefly represented Mock as stand-by counsel in the time period between when Mr. Ede moved to withdraw and when the Court granted Mr. Ede's motion, allowing Mock to represent himself.)

ever since the outset of the case, the government has made regular productions of *general* discovery to the defense. These productions, which have occurred roughly monthly, contain discovery materials related and provided to *all* Capitol riot defendants.[3]

Once Mock decided to proceed *pro se*, the government reproduced all of that discovery to Mock directly. This reproduction process began in December 2021. By February 23, 2022, the government had reproduced all case-specific discovery to the D.C. jail where Mock was detained.

When Mr. Moyers began representing Mock approximately nine months later, in November 2022, it is the government's understanding that Mr. Moyers had access to the government's previous case-specific and general discovery productions, either through Mock, his former attorney(s), or both. On March 7, 2023, the government produced—for at least the third time—its case-specific discovery to Mock, this time via Mr. Moyers. *See* Exh. 1. This production Mr. Moyers included the defendant's Facebook communications and records in the government's possession. Although Mock himself had access to discovery for well over a year by that point, and defense counsel admits that Mock was able to "walk[] counsel through the . . . discovery," Def.'s Mot. at 2, the government made every effort to ensure the defense not only had access to everything but also that Mr. Moyers knew where to look to see the primary materials on which the government intended to rely.

Additionally, the government's March 7, 2023 production included new case-specific materials that it had not previously identified or provided to Mock. Specifically, the government

---

[3] The government assumes that the defendant's argument concerning "a particular database," Def.'s Mot. at 3, references the USAfx database, which is the repository for discovery productions. Yet the government has successfully produced case-specific discovery to Mock and each of his defense counsel through USAfx, and the government has confirmed that Mr. Moyers downloaded and accessed the USAfx productions.

recently discovered additional open-source videos of Mock's criminal conduct on the Capitol grounds that showed he committed two *additional* assaults on the Lower West Plaza within 30 seconds of each other.[4] The government downloaded and produced the full videos to defense counsel.

Beyond just providing the videos on March 7, the government went above and beyond its Rule 16 obligations and produced a pdf document titled "11 – START HERE" that identified, for each of the new open-source videos, the precise timestamps where Mock appears. As particularly relevant to the eventual Second Superseding Indictment, the START HERE document identified a YouTube video[5] that shows Mock throwing a flagpole at police officers at the 3:17 mark and shoving another police officer at the 3:37 mark. The document included the above timestamps with the below corresponding screenshots, with Mock circled in yellow:

---

[4] The government's March 7, 2023 production contained 25 open-source videos, 5 open-source pictures, and a pdf document detailing timestamps in the videos to find Mock. Of those 25 videos, only a few are relevant to Mock's charges. For example, several videos only show Mock briefly, and in those brief moments, he is just standing in a crowd of other rioters.

[5] The government produced a downloaded copy of the video, but also provided the link to the video, which is available here: "Exclusive Video Footage Of Peaceful Protestors Being Attacked by Capitol Hill Police," https://www.youtube.com/watch?v=CdWz2EtsQ_Q (last accessed March 27, 2023).



*Image 1: Mock (head and hand circled in yellow) hurling a flagpole at a line of uniformed police officers guarding the Capitol grounds.*



*Image 2: Mock (head and hand circled in yellow): shoving a uniformed police officer in the back just 20 seconds later.*

On March 16, 2023, the day after the federal grand jury returned the Second Superseding Indictment—and the *same day* it hit the docket—the government again went above and beyond its discovery obligations and emailed defense counsel to help him cut through the mass of discovery and focus his attention on the evidence the government relied on to support the new charges. *See*

5

Exh. 2. The government's email summarized the changes in the Second Superseding Indictment and identified where defense counsel could find the relevant evidence in the March 7, 2023 production. In its March 16 email, the government identified the most important video showing the two new assaults and directed defense counsel to the 30 seconds of footage he needed to review to observe the charged conduct.

With respect to the defendant's Facebook communications, which form the foundation of the intent evidence for the new 18 U.S.C. § 1512(c)(2) (obstruction of an official proceeding) charge (Count One), the government went above and beyond its discovery obligations there as well. Because Mock's Facebook record is 4,708 pages long, the government's May 7, 2023 production not only included the full Facebook record (provided for the third time) but also identified 15 specific posts, which were pulled out from the larger record and saved as separate files. Then, in the government's March 16, 2023 email to defense counsel following the Second Superseding Indictment, the government flagged those isolated posts to defense counsel as directly relevant to the new section 1512(c)(2) charge.

The instant motion followed.

### III.   ARGUMENT

The Supreme Court has held that the burden of "assembling witnesses, lawyers, and jurors at the same place at the same time . . . counsels against continuances except for compelling reasons." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). The relevant factors include whether other continuances have been requested and granted, and whether the requested delay is for legitimate reasons. *United States v. Burton*, 584 F.2d 485, 490-91 (D.C. Cir. 1978). A trial judge's decision to deny a continuance is presumed reasonable, and a violation of the right to the effective

assistance of counsel only occurs "if the denial of a continuance was unreasoning and arbitrary." *United States v. Poston*, 902 F.2d 90, 97 (D.C. Cir. 1990).

The defendant has failed to meet his burden to identify any compelling reason for the requested continuance and he cannot show any actual prejudice. The core of the government's case has not changed in the last two years. All that has changed is the government's recent discovery of 30 seconds of new video, which captures two additional assaults by Mock (Counts Five and Six), one of which includes Mock hurling a flagpole like a spear at a group of police officers (Count Six); the government's addition of the dangerous weapon enhancement to Counts Eight, Nine, and Ten; and the government's determination that Mock's communications with others, particularly via Facebook, suffice to establish the intent element for the new section 1512(c)(2) (obstruction of an official proceeding) charge (Count One).

The new and revised charges may have "triple[d] Mock's sentencing exposure," Def.'s Mot. at 1, and "raised [the] stakes" for the defendant of going to trial, *see id.* at 2-3, but these are not proper grounds for a continuance. First, the defendant has plenty of time to confer with his attorney, decide to change tack, and schedule a guilty plea hearing if he wishes. Moreover, the defendant compares the *Sentencing Guidelines* applicable to the charges in the First Superseding Indictment—in his calculation, less than five years if convicted after trial—with the *statutory maximum sentences* if convicted on all charges in the Second Superseding Indictment and sentenced to consecutive terms on each—in his calculation, 99.5 years. Def.'s Mot. at 2–3. The defendant knows very well that this is, at a minimum, a misleading way to show "raised stakes." Finally, the defendant has had—and has—ample time to prepare for trial.[6]

---

[6] The defendant's motion claims that his fourth counsel, Peter Moyers, has had four months to prepare for trial—i.e. the time between his January 9, 2023 notice of appearance and the May 15, 2023 trial date. Def.'s Mot. at 2. This assertion misrepresents the record. Mr. Moyers began

7

The defendant's claim that there is "too much new evidence" to review before the May 15 trial date is plainly false. Mock was originally charged on June 10, 2021. The Statement of Facts accompanying the Criminal Complaint laid out, in detail, the allegations against Mock. *See* ECF No. 1-1. To illustrate Mock's criminal actions on January 6, 2021, the Statement of Facts included screenshots from body-worn camera footage capturing two of Mock's assaults. To show his underlying intent, the Statement of Facts included excerpts from some of Mock's Facebook communications. Now, almost two years later, little has changed factually. To prove the defendant's conduct, the government is relying on video evidence. The vast majority of that video evidence was produced to the defendant by August 2021; the only new video evidence, which was produced on March 7, 2023, centers on a mere 30 seconds of conduct that forms the basis for the two new assault charges (Counts Five and Six), and the amendment of Counts Eight, Nine, and Ten to include the dangerous weapon enhancement.

Neither the government's March 7, 2023 production nor the Second Superseding Indictment changed the case or the evidence enough to justify a continuance of the trial date. Mock does not identify what "the new universe of facts" is, nor can he explain why—almost two years after the original charges in this case—he is "unfamiliar with the relevant evidence." Def.'s Mot. at 3. Even if Mock's cursory explanation intends to refer to the newly produced open-source videos, the government went above and beyond to identify the relevant portions of the

---

representing Mock at least as early as November 28, 2022, when Mr. Moyers represented Mock at a status conference. According to representations by Mr. Moyers, he did not file his notice of appearance until six weeks later, on January 9, 2023, because it took time for him to waive into the D.C. Bar.

At the time of that November 28, 2022 status conference, at which Mr. Moyers first appeared, the case was set to go to trial on February 14, 2023. Then, at the January 26, 2023 status conference, the parties agreed to continue the case until May 15, 2023. Mr. Moyers has had six months to prepare for trial. Mock himself has had much longer.

videos to defense counsel. Surely the defense does not need 60 days or more to review videos capturing 30 seconds of conduct, particularly when the government has already identified and directed the defendant to the precise timestamps at which he appears in the videos.

Meanwhile, for the new 18 U.S.C. § 1512(c)(2) (obstruction of an official proceeding) charge, the government will prove the defendant's intent through his own statements, to witnesses and via Facebook. Obviously since the communications appear on Mock's own Facebook account, he—and all of his defense counsels, including Mr. Moyers—have *always* had access to them since the moment Mock created them. Moreover, the government produced the Facebook records that it obtained via search warrant to Mock on July 26, 2021. *See* ECF No. 28 at 12. And the government *reproduced* Mock's Facebook records to him on March 7, 2023, pointing out the specific communications on which it intends to rely. The Court should not grant a continuance for the defendant to review Facebook communications that *he made* and that the government provided him records of almost two years ago.

It does not matter that Count One, the § 1512(c)(2) violation, was only recently charged. The Facebook evidence is not newly relevant. From the very beginning of the case, it has relevant to—and relied upon by the government—to show Mock's intent for the original charges. As such, Mock's Facebook communications were explicitly referenced via screenshots in the Statement of Facts accompanying the original Criminal Complaint, issued in June 2021. ECF No. 1-1. It would be unreasonable for the defendant and his counsel to have not reviewed his Facebook communications before now.

Finally, the defendant argues that the new and revised charges "implicate statutes that have been outside the defense's preparation's scope." Def.'s Mot. at 1. But this assertion is overbroad and cannot bear the weight the defendant places on it. The Speedy Trial Act's 30-day

preparation period does not run from a superseding indictment. *United States v. Rojas-Contreras*, 474 U.S. 231 (1985). Tellingly, it does not even run from the date of the initial indictment, but rather from the date of the defendant's first appearance. Id. at 234. In other words, the time provided by the Speedy Trial Act for the defendant to prepare for trial runs from the date that the defendant is on notice that he is facing criminal charges, and not the date that he is informed of the full scope of those charges.

Here, the original Indictment included all of the same statutes as the Second Superseding Indictment except one. *Compare* ECF No. 22 and ECF No. 64 (each charging violations of 18 U.S.C. §§ 111(a)(1), 231(a)(3), 641, and 1752(a)(1), (2), and (4), as well as 40 U.S.C. §§ 5104(e)(2)(D) and (F)). The only new statute charged is 18 U.S.C. § 1512(c)(2). The only new *subsections* charged are 18 U.S.C. §§ 111(b) and 1752(b)(1)(A), both of which apply enhancements for involving a dangerous weapon in the offense. These are not novel charges, particularly in the context of January 6-related prosecutions, and they have been extensively litigated. The addition of these charges does not materially change the case or require defense counsel to reinvent the wheel.

Courts have affirmed the denial of trial continuances where the defendant has similarly failed to make the required showings of due diligence and prejudice. In *United States v. Saoud*, 595 F. App'x 182 (4th Cir. 2014), for example, the government superseded the indictment eight days before trial with eight new health care fraud charges and a related charge of aggravated identity theft. *Id.* at 184. The defendant sought a continuance on the ground that, among other reasons, "having only eight days to review the new charges would prejudice his defense because he would have insufficient time to (1) review the 200,000 pages of discovery for evidence related to the new charges." Id. The Court of Appeals affirmed the trial court's denial of the

continuance, holding that "[the defendant] does not explain, as he must, how his inability to do these things specifically prejudiced his defense. Our precedent establishes that an appellant cannot demonstrate prejudice with 'a general allegation of 'we were not prepared.'" *Id*. at 186 (citation omitted); *see also United States v. Gantt*, 140 F.3d 249, 257 (D.C. Cir. 1998) (affirming denial of motion to continue trial where defense counsel claimed that learning nine days before trial of a statement by the defendant "totally destroy[ed] the trial strategy [he] had prepared," but he "made no specific proffer justifying a need for more time").

Similarly, several courts in this district have denied similar defense motions for continuances based on new charges under new statutes. For example, in *United States v. Barnett*, 1:21-cr-38 (CRC), the government superseded the indictment nineteen days before trial to add a new charge that the defendant violated 18 U.S.C. § 231(a)(3) (civil disorder). Despite impassioned defense objections that its "twenty-three-month-old strategy" had been rendered "moot" and that the defendant could not be "adequately ready" for trial "even with superhuman efforts," *Barnett*, ECF No. 112 at 2-3, Judge Cooper denied the defense motion and proceeded with trial, *see Barnett* Minute Entry January 4, 2023. Here, the grand jury returned the Second Superseding Indictment *two months* before trial, far earlier than the nineteen days of lead time at issue in *Barnett*. Moreover, unlike *Barnett*, here the new statute charged—Count One, the alleged violation of 18 U.S.C. § 1512(c)(2)—implicates no new evidence. As stated above, the government *already* intended to use Mock's Facebook communications to establish the *mens rea* requirements of Counts Eight, Nine, and Ten (the alleged violations of 18 U.S.C. § 1752), and the defense has been on notice of that since the outset of the case. *See* ECF No. 1-1.

This Court should follow *Saoud* and *Barnett* and deny the defendant's motion.

## IV. CONCLUSION

For the reasons stated above, the government opposes the defendant's motion to continue the trial date and associated deadlines.

The government recognizes, however, that the defendant has not had an opportunity to file dispositive pre-trial motions on Counts One, Five, and Six, or on the dangerous weapon enhancement added to Counts Eight, Nine, and Ten. Accordingly, the United States proposes that the Court set a deadline of April 7, 2023, for such defense motions and then allow ten days for the government to respond.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida State Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
michael.gordon3@usdoj.gov
Telephone: 813-274-6370

*/s/ Michael L. Jones*
MICHAEL L. JONES
Trial Attorney, Detailee
D.C. Bar No. 1047027
601 D St., NW
Washington, D.C. 20001
michael.jones@usdoj.gov
Telephone: 202-252-7820