UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

       *Plaintiff*,

  *vs.*                                                 Case No. 21-cr-444-JEB

BRIAN CHRISTOPHER MOCK,

       *Defendant.*

**DEFENDANT'S OMNIBUS RESPONSE TO GOVERNMENT'S
MOTIONS IN LIMINE (DE 66, 67, & 68)**

Brian Mock responds to the government's motions in limine.

1.      The defense notes at the outset that it has no obligation to reveal its case to the government until after the prosecution rests. That said, the defense objects to very little because a bench trial obviates the typical concerns about the evidence's effect on the jury.

2.      The first motion seeks to exclude evidence about the *precise* locations of the Capitol's surveillance cameras (DE 66). The defense doesn't expect this evidence to be relevant. If it turns out to be, the defense has no objection to in camera review—the government's concerns about making such protocols part of a public trial aren't silly. However, there's an

important distinction here that Judge Contreras observed in a February ruling on roughly the same motion. "And as the Government acknowledges, the Court's ruling does not prevent Defendant from probing what Capitol Police's cameras show, and what they don't, by asking about the *general location* of each camera." *United States v. Rhine*, 21-CR-678-RC, 2023 WL 2072450, *11 (D.D.C. Feb. 17, 2023) (alteration omitted) (emphasis added). Indeed, a general location question is useful to the Court, the parties, witnesses and the public if it orients the viewers to different cameras' recording the same event from different angles and distances.

    3.    As for the motion to exclude certain testimony about U.S. Secret Service protocols (DE 67), the defense states that it doesn't expect those protocols to be relevant generally. However, if a witness references a particular protocol, say, to explain his or her actions, then surely questioning about it would be fair game.

    4.    Finally, the motion to exclude improper argument (DE 68) is well-taken. No doubt Mock can testify to what he saw and heard that day. But the defense doesn't intend to raise entrapment by estoppel. Again, if the trial evidence turns out to support such a defense, the Court should permit it. But, based on the contents of the government's discovery productions

thus far, the defense is hard pressed to imagine how one might coalesce at trial.

Dated at Madison, Wisconsin, this April 24, 2023.

Respectfully submitted,

*Peter R. Moyers*

Peter R. Moyers
Counsel for Mr. Mock

THE MOYERS LAW FIRM, LLC
601 Sawyer Terrace
#5041
Madison, Wisconsin 53705
Tel: 608-286-8399
peter@moyerslawfirm.com