UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    *Plaintiff*,

  *vs.*                                                 Case No. 21-cr-444-JEB

BRIAN CHRISTOPHER MOCK,

    *Defendant.*

**DEFENDANT'S MOTION TO DISMISS #2:
COUNT ONE IS UNCONSTITUTIONALLY VAGUE**

The Court should dismiss Count One because Section 1512(c) violates the Due Process Clause as unconstitutionally vague. It is unconstitutionally vague because a) it does not give fair notice that the term "official proceeding" extends to Congress's Electoral College certification and b) "corruptly" doesn't meaningfully distinguish a felony violation of Section 1512(c)(2) from lesser, or even lawful, conduct. With neither fair notice nor a distinguishing principle, Section 1512(c)(2) runs afoul of the Due Process Clause. Therefore, Brian Mock can't be tried under Count One.

This motion is *not* for preservation purposes only. No doubt in *Fischer* Judge Pan's opinion rejects both bases for a due process challenge. 64 F.4th

at 339-343. But Judge Walker's concurrence declaims the lead opinion's analysis of "corruptly" in the latter's Section I.C.1. *Id.* at 351-352 (Walker, J., concurring). Therefore, it appears there were two votes for the proposition that "official proceeding" applies to the Electoral College certification but only one vote for the proposition that the meaning of "corruptly" avoids any Due Process Clause problems.

The defense acknowledges that this Court rejected each basis for dismissal in *United States v. Mostofsky*, 579 F.Supp.3d 9, 26-27 (D.D.C. 2021) (Boasberg, J.). That is, it held that the statute is not so vague as to support a Due Process Clause violation. *Id.*

Dated at Madison, Wisconsin, this May 1, 2023.

Respectfully submitted,

*Peter R. Moyers*

Peter R. Moyers
Counsel for Mr. Mock

THE MOYERS LAW FIRM, LLC
601 Sawyer Terrace
#5041
Madison, Wisconsin 53705
Tel: 608-286-8399
peter@moyerslawfirm.com