UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-444 (JEB) |
| v. : | |
| : | |
| BRIAN CHRISTOPHER MOCK, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S
MOTIONS TO DISMISS COUNTS 1 AND 2**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this omnibus response to defendant Brian Christopher Mock's three cursory motions to dismiss Count One, the alleged violation of 18 U.S.C. § 1512(c)(2), ECF Nos. 75-77, and his two equally perfunctory motions to dismiss Count Two, the alleged violation of 18 U.S.C. § 231(a)(3), ECF Nos. 78-79. Binding precedent forecloses two of Mock's motions. *Compare* ECF Nos. 75, 77 *with United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023). As for Mock's remaining three motions, the Court has previously rejected the identical arguments Mock raises in other cases. *Compare* ECF No. 76 *and United States v. Mostofsky*, 579 F. Supp. 3d 9, 26-27 (D.D.C. 2021); *compare* ECF Nos. 78-79 *and United States v. Dennis*, Case No. 21-cr-679 (JEB), 2022 WL 17475401 (D.D.C. Dec. 6, 2022). In accordance with the D.C. Circuit Court of Appeals' ruling in *Fischer*, this Court's prior rulings, and for the reasons set forth below, the Court should deny all five of Mock's motions to dismiss.

**I.    PROCEDURAL BACKGROUND**

On March 15, 2023, a grand jury seated in Washington, D.C. indicted Mock on eleven charges. ECF No. 64. Count One charges Mock with obstruction of an official proceeding, in

violation of 18 U.S.C. § 1512(c)(2). ECF No. 64. Count Two charges the defendant with civil disorder, in violation of 18 U.S.C. § 231(a)(3). *Id.*

In order to avoid repetition, the United States refers the Court to its response to Mock's motion for an extension of time to file dispositive motions, ECF No. 74, for a summary of the remainder of the procedural history of this case.

## II. LEGAL STANDARD

Prior to trial, a defendant may move to dismiss an indictment or information on the basis that there is a "defect in the indictment or information" including a "failure to state an offense." Fed. R. Crim P. 12(b)(3)(B)(v). "The operative question is whether the allegations, if proven, would be sufficient to permit a jury to" conclude that the defendant committed the criminal offense as charged. *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 107 (D.D.C. 2012); *United States v. Bowdoin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). An indictment "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

In analyzing the sufficiency of the indictment, the Court must "view[ the indictment] as a whole and the allegations must be accepted as true in determining if an offense has been properly alleged." *United States v. Bowdin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). The Court only considers "the face of the indictment and, more specifically, the language used to charge the crimes." *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (quoting *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)) (emphases omitted). Because pretrial dismissal of an indictment "directly encroaches upon the fundamental role of the grand jury, dismissal is

granted only in unusual circumstances." *United States v. Ballestas*, 795 F. 3d 138, 148 (D.C. Cir. 2015) (internal quotation marks omitted).

### III. ARGUMENT

Contrary binding precedent, *see Fischer*, 64 F.4th 329, forecloses two of Mock's motions to dismiss Count One, as he acknowledges, but he files them "for preservation purposes only," ECF Nos. 75, 77. There is thus no need for the government to address the substance of those motions. The Court must apply *Fischer* and deny them. *See id.*

Mock's remaining motions to dismiss Count One and Count Two are perfunctory at best. He dedicates just a few sentences to each of his arguments and in two of the three motions cites no supportive authority whatsoever. *Compare* ECF Nos. 76 *and* ECF Nos. 78-79. Nevertheless, the United States provides a thorough response to each of the three motions Mock declares are "*not* for preservation purposes only." ECF Nos. 76, 78-79 (emphasis in originals).

#### A. Section 1512(c)(2) is not unconstitutionally vague.

The Due Process Clauses of the Fifth and Fourteenth Amendments prohibit the government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amends. V, XIV. An outgrowth of the Due Process Clause, the "void for vagueness" doctrine prevents the enforcement of a criminal statute that is "so vague that it fails to give ordinary people fair notice of the conduct it punishes" or is "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). To ensure fair notice, "'[g]enerally, a legislature need do nothing more than enact and publish the law and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply.'" *United States v. Bronstein*, 849 F.3d 1101, 1107 (D.C. Cir. 2017) (quoting *Texaco, Inc. v. Short*, 454 U.S. 516, 532 (1982)).

A statute is not unconstitutionally vague simply because its applicability is unclear at the margins, *United States v. Williams*, 553 U.S. 285, 306 (2008), or because reasonable jurists might disagree on where to draw the line between lawful and unlawful conduct in particular circumstances, *Skilling v. United States*, 561 U.S. 358, 403 (2010). A provision is impermissibly vague only if it requires proof of an "incriminating fact" that is so indeterminate as to invite arbitrary and "wholly subjective" application. *Williams*, 553 U.S. at 306; *see Smith v. Goguen*, 415 U.S. 566, 578 (1974). A statutory provision is "not rendered unconstitutionally vague because it 'do[es] not mean the same thing to all people, all the time, everywhere.'" *Bronstein*, 849 F.3d at 1107 (quoting *Roth v. United States*, 354 U.S. 476, 491 (1957)). "'Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid.'" *Id.* (quoting *Rose v. Locke*, 423 U.S. 48, 50 (1975) (*per curiam*)).

A statute is instead vague where it fails to specify any "standard of conduct . . . at all." *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971). A law is not vague because it "call[s] for the application of a qualitative standard . . . to real-world conduct; 'the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree.'" *Johnson*, 576 U.S. at 603–04 (quoting *Nash v. United States*, 229 U.S. 373, 377 (1913)). A provision is impermissibly vague only if it requires proof of an "incriminating fact" that is so indeterminate as to invite arbitrary and "wholly subjective" application. *Williams*, 553 U.S. at 306; *see Smith v. Goguen*, 415 U.S. 566, 578 (1974). The "touchstone" of vagueness analysis "is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Lanier*, 520 U.S. 259, 267 (1997).

There is a strong presumption that a statute is not vague. *See United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32 (1963). Other courts in this district have recognized that high bar. *See United States v. Gonzalez*, No. 20-cr-40 (BAH), 2020 WL 6342948, at *7 (D.D.C. Oct. 29, 2020); *see also United States v. Harmon*, No. 19-cr-395 (BAH), 2021 WL 1518344, at *4 (D.D.C. Apr. 16, 2021) (finding that the defendant did not meet the "stringent standard" to prevail on a Rule 12 vagueness motion).

Federal legislation enjoys a presumption of constitutionality that may only be overturned "upon a plain showing that Congress has exceeded its constitutional bounds." *United States v. Morrison,* 529 U.S. 598, 607 (2000). Mock cannot overcome this presumption.

Mock argues that *Fischer* leaves open the possibility that the word "corruptly" is insufficiently defined in Section 1512(c)(2), making the statute unconstitutionally vague by failing to "meaningfully distinguish a felony violation of Section 1512(c)(2) from lesser, or even lawful, conduct." ECF No. 76. Mock acknowledges, however, that this Court previously rejected this exact argument in *Mostofsky*. *See* 579 F. Supp. 3d at 26-27. The Court should reject it here as well.

Mock's reliance on *Fischer* is misplaced. *Fischer* did not resolve the definition of "corruptly" as it is used in Section 1512(c)(2), but that does not make "corruptly" unconstitutionally vague in this context. Mock's inability to cite a single case in support of his argument demonstrates that he cannot overcome the "strong presumpti[on]" that § 1512(c)(2) is constitutional. *See United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32 (1963). Section 1512(c)(2) does not tie criminal culpability to "wholly subjective" terms such as "annoying" or "indecent" that are bereft of "narrowing context" or "settled legal meanings," *Williams*, 553 U.S. at 306, nor does it require application of a legal standard to an "idealized ordinary case of the crime," *Johnson*, 576 U.S. at 604. Section 1512(c)(2)'s prohibition on "corruptly … obstruct[ing],

5

influenc[ing], or imped[ing]" an "official proceeding" gives rise to "no such indeterminacy." *Williams*, 553 U.S. at 306. The statute requires that a defendant, acting with consciousness of wrongdoing and intent to obstruct, attempts to or does undermine or interfere with a statutorily defined official proceeding. While "it may be difficult in some cases to determine whether these clear requirements have been met," "'courts and juries every day pass upon knowledge, belief and intent—the state of men's minds—having before them no more than evidence of their words and conduct, from which, in ordinary human experience, mental condition may be inferred.'" *Id.* (quoting *American Communications Ass'n, CIO v. Douds*, 339 U.S. 382, 411 (1950)). Contrary to Mock's suggestion, Section 1512(c)(2) "not only clearly identifies the conduct it punishes; it also 'acts to shield those who engage in lawful, innocent conduct – even when done with the intent to obstruct, impede, or influence the official proceeding.'" *Id.* (quoting *Sandlin*, 2021 WL 5865006, at *13). It presents no vagueness concern nor invitation for arbitrary or wholly subjective application by either courts or juries.

### B. Section 231(a)(3) is not unconstitutionally vague.

Mock argues that Count Two, the alleged violation of Section 231(a)(3) (civil disorder), is unconstitutionally vague too because "the phrases 'any act to obstruct, impede, or interfere,' and 'incident to and during the commission of a civil disorder,' don't give a person of ordinary intelligence a reasonable opportunity to separate lawful from unlawful conduct." ECF No. 78. This Court already rejected this identical argument in *United States v. Dennis*, Case No. 21-cr-679 (JEB), ECF Nos. 43-44. In addition to this Court, at least three other judges in this district—Judges Kelly, Bates, and Nichols—have rejected nearly identical challenges to Section 231(a)(3). *See United States v. Nordean, et al.*, No. 21-cr-175 (TJK), 2021 WL 6134595, at *16–*17 (rejecting vagueness and overbreadth challenges); *United States v. McHugh,* 21-cr-453 (JDB), ECF No. 51,

at 28–37 (same); *United States v. Fischer*, No. 21-cr-234 (CJN), 2022 WL 782413, at *2–4 (D.D.C. Mar. 15, 2022) (same).[1] The Court should do the same here.

The federal statute at issue, 18 U.S.C. § 231(a)(3), criminalizes any "act" or attempted act to "obstruct, impede, or interfere" with a law enforcement officer "lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder." 18 U.S.C. § 231(a)(3). For the statute to apply, the civil disorder must "in any way or degree obstruct[], delay[], or adversely affect[] commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function." *Id.* The statute defines civil disorder as "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1).

Section 231(a)(3) is not constitutionally vague. *See McHugh,* 21-cr-453, ECF No. 51, at 23*; Nordean,* 2021 WL 6134595, at *17. It provides sufficient notice of the conduct it prohibits. The two phrases Mock attacks—"any act to obstruct, impede, or interfere" and "incident to and during the commission of a civil disorder," ECF No. 78—do not carry the potential for misunderstanding or make the statute "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015); *see also Nordean*, 2021 WL 6134596*,* at *16 (observing that "there are specific fact-based ways to determine whether a 'defendant's conduct interferes with or impedes others,' or if a law enforcement officer is performing his official duties

---

[1] A number of courts outside this circuit have also rejected similar challenges to Section 231. *See United States v. Phomma*, No. 20-465, 2021 WL 4199961, at *5 (D. Or. Sept. 15, 2021); *United States v. Rupert*, No. 20-cr-104 (NEB/TNL), 2021 WL 1341632, at *16–*20 (D. Minn. Jan. 6, 2021) (Report & Recommendation), *adopted*, 2021 WL 942101 (D. Minn. Mar. 12, 2021); *United States v. Pugh*, No. 1:20-cr-73-TFM, slip op. (S.D. Ala. May 13, 2021); *United States v. Wood*, No. 20-cr-56 MN, 2021 WL 3048448 (D. Del. July 20, 2021); and *United States v. Howard*, No. 21-cr-28-pp, 2021 WL 3856290 (E.D. Wis. Aug. 30, 2021).

'incident to and during' a civil disorder."). Like the challenge rejected by United States District Judge John D. Bates in *McHugh*, Mock's motion misunderstands vagueness: "There is a crucial difference between reasonable people differing over the meaning of a word and reasonable people differing over its application to a given situation—the latter is perfectly normal, while the former is indicative of constitutional difficulty." *McHugh,* 21-cr-453, ECF No. 51, at 23.

Section 231(a)(3) does not prohibit mere presence at a civil disorder, but rather, "<u>an act</u> committed <u>during</u> the course of such disorder." *United States v. Mechanic*, 454 F.2d 849, 853 (8th Cir. 1971) (emphasis added). And it does not criminalize just any act: it prohibits only concrete "act[s]" that are performed with the specific purpose to "obstruct, impede, or interfere" with firefighters or law enforcement carrying out their official duties during a civil disorder. It punishes intentional conduct, not "mere inadvertent conduct." *United States v. Featherston,* 461 F.2d 1119, 1122 (5th Cir. 1972).

The statute's terms are thus quite different from statutory terms that courts have found to be vague, such as statutes that turn on subjective judgments of whether a defendant's conduct was "annoying" or "indecent," or those that depend on the victim's state of mind. *See Nordean,* 2021 WL 6134595, at *16*; see also Williams*, 553 U.S. at 306. "An ordinary person would have an intuitive understanding of what is proscribed by a ban on obstructing, impeding, or interfering with law enforcement." *McHugh,* 21-cr-453, ECF No. 51, at 33.

In addition, Section 231(a)(3) is not unique; many state and federal statutes likewise criminalize "obstructing" the government's efforts to enforce the law and maintain public order, and they have been upheld. *See, e.g.,* 26 U.S.C. § 7212(a) (prohibiting obstructing or impeding the administration of the tax laws); 18 U.S.C. § 2237 (making it unlawful to "oppose, prevent, impede, intimidate or interfere with" a maritime investigation); *United States v. Brice,* 926 F.2d 925, 930–

31 (9th Cir. 1991) (rejecting overbreadth and vagueness challenges to 41 C.F.R. § 101-20.305, regulation prohibiting impeding or disrupting government duties); *see also* Cal. Penal Code § 148 (prohibiting resisting, delaying, or obstructing any peace officer or emergency medical technician); *State v. Illig-Renn,* 341 Or. 228 (2006) (rejecting constitutional attacks leveled against O.R.S. 162.247(1)(b), which prohibits interference with a police officer); *State v. Steen,* 164 Wash. App. 789, 808 (2011) (rejecting as-applied constitutional challenge to RCW 9A.76.020(1), which criminalizes obstructing police officers).

The second phrase Mock complains about—"incident to and during the commission of a civil disorder"—is not vague either. *See* ECF No. 78; 18 U.S.C. § 231(a)(3). "The crime set forth by the statute is not mere presence at a civil disorder . . . but an act committed during the course of such a disorder, so 'civil disorder' simply describes the environment in which the act must be committed in order to be subject to prosecution under § 231(a) (3)." *Mechanic*, 454 F.2d at 852; *see also Howard*, 2021 WL 3856290, at *14 ("[T]he statute does not require the government to prove that the defendant created the civil disorder, or that he was participating in the civil disorder."). Even if a broad range of public gatherings could be deemed "civil disorders," Section 231(a)(3) criminalizes only particular conduct, not mere participation in such a disorder. The "civil disorder" language operates to <u>narrow</u> the situation where the statute may apply—unlike other statutes, which criminalize acts of obstruction, wherever they may take place. *See* 26 U.S.C. § 7212(a) (criminalizing obstruction of tax laws). The requirement that the *actus reus* take place in the context of a civil disorder does not make Section 231 vague; to the contrary, it limits its application and makes it more specific.

Mock also ignores the fact that Section 231(a)(3) requires <u>criminal intent</u>, which further narrows its scope. *See McHugh*, 583 F. Supp. 3d at 25. Indeed, the requirement that a defendant

9

who violates Section 231(a)(3) act with the intent to obstruct, interfere or impede squarely addresses the defendant's overbreadth concerns. *See United States v. Gilbert*, 813 F.2d 1523, 1529 (9th Cir. 1987) (intent requirement prevents application of statute to protected speech). Taking a step back from the defendant's mischaracterizations, the statute plainly requires proof that the "act" was done with the specific criminal intent "to obstruct, impede, or interfere" with a firefighter or police officer. *See McHugh,* 583 F. Supp. 3d at 25 ("[Section] 231(a)(3) is a specific intent statute[.]")

Finally, Mock's vagueness claim also fails because his conduct clearly falls within the ambit of Section 231. The Court must consider vagueness "as applied to the particular facts at issue, for a [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applies to the conduct of others." *Nordean,* 2021 WL6134595, at *17 (citing *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010) (cleaned up)); *see generally Wood*, 2021 WL 3048448, at *9 ("Defendant does not have standing to bring a facial vagueness challenge" to § 231(a)(3) because he failed to "demonstrate that [the statute]is vague as applied to his conduct").

The January 6, 2021, attack on the United States Capitol was clearly a "civil disorder," not just a tumultuous public gathering to which the police were called to respond. There is no question that Mock participated in the disorder; he is on video fighting with police on the Lower West Plaza of the U.S. Capitol grounds. Tracking the statutory language, the second superseding indictment alleges that Mock "commit[ted] an act to obstruct, impede, and interfere with a law enforcement officer." ECF No. 64 (Count Two). Specifically, Mock crossed into the restricted area and assaulted four different police officers. *See id.* (Counts Three, Four, Five, and Six). He was not just a bystander or member of the crowd yelling at police or holding a political sign. He kicked an

officer (Count Three). He shoved two others (Counts Four and Six). He stole a riot shield and passed it back to the mob (Count Seven). And he hurled a flagpole, like a spear, at a group of officers (Counts Five, Eight, Nine, and Ten). No one, including Mock, could credibly claim to believe that he could lawfully enter the restricted Capitol grounds during a riot and then assault police officers who were attempting to protect the Capitol and the people who worked there. The statute is "sufficiently clear that a normally intelligent person could ascertain its meaning and would be given fair notice of whether or not his conduct is forbidden." *Mechanic*, 454 F.2d at 854.

In *Dennis*, the Court declared that it "joins all others in this district that have found this [vagueness] argument unpersuasive." 2022 WL 17475401 at *6 (citing cases). Mock has provided no reason for the Court to change its mind. The Court should deny Mock's motion to dismiss Count Two on vagueness grounds, ECF No. 78.

### C. Section 231 does not violate the First Amendment.

Mock contends that Section 231(a)(3) is unconstitutionally overbroad because, in conflict with the First Amendment, "it covers a substantial amount of constitutionally protected speech. Specifically, one can imagine a variety of speech that could interfere with a law enforcement officer's performance of the officer's duties. Voices, noises, and signs can interfere with an officer's ability to detect and prevent crime." ECF No. 79. This Court already rejected this identical argument in *Dennis*, 2022 WL 17475401 at *3-5, ECF Nos. 43-44 (rejecting First Amendment challenge because "the statute's potentially unconstitutional applications are few compared to its legitimate ones."). And this Court is not alone: "this exact argument has been heard and rejected by at least five different federal judges all within the last year." *McHugh*, 583 F. Supp. 3d at 28 (citing cases and rejecting the argument as well, becoming the sixth). The Court should do so here too.

The decisions by this Court and every other judge in this district that Section 231(a)(3) is not unconstitutionally overbroad are correct. Facial overbreadth challenges—in which a defendant asserts that a statute, constitutionally applied to him, is nevertheless invalid because it would be unconstitutional in a "substantial number" of *other* cases, *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 n.6 (2008)—are even more exceptional. Overbreadth can invalidate a criminal law only if "'a substantial number' of its applications are unconstitutional, 'judged in relation to the statute's plainly legitimate sweep,'" and no limiting construction is available. *Id.* (quoting *New York v. Ferber*, 458 U.S. 747, 769–771 (1982)); *see also City of Houston v. Hill*, 482 U.S. 451, 458 (1987). The Supreme Court has "vigorously enforced the requirement that a statute's overbreadth be *substantial*, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." *Williams*, 553 U.S. at 292.

"[T]he mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." *Members of the City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984). Rather, a defendant must show a "realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court . . . ." *Id.* at 801. "Rarely, if ever, will an overbreadth challenge succeed against a law or regulation that is not specifically addressed to speech or to conduct necessarily associated with speech (such as picketing or demonstrating)." *Virginia v. Hicks*, 539 U.S. 113, 124 (2003).

Invalidating a statute for overbreadth is "strong medicine" to be applied "sparingly and only as a last resort." *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973). If the statute is "readily susceptible" to a narrowing construction that would make it constitutional, it must be upheld. *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 397 (1988); *accord Broadrick*, 413 U.S. at

12

613; *United States v. Rundo*, 990 F.3d 709, 714 (9th Cir. 2021) ("we construe [the riot statute, 18 U.S.C. §§ 2101–2102] as constitutional if we can reasonably do so").

United States District Court Judge Amy Berman Jackson rejected a similar overbreadth challenge to Section 231(a)(3) in *United States v. Williams*, 21-cr-0618 (ABJ), 2022 WL 2237301, at *6-7 (D.D.C. June 22, 2022), and her reasoning is instructive here. Judge Berman Jackson noted that "[i]n the past year, at least four other courts in this district have considered whether section 231(a)(3) is overbroad on its face, and all have concluded it is not." *Id.* at *6.[2] Judge Berman Jackson "agree[d] with the reasoning in those decisions." *Id*. "First, the statute plainly covers conduct, not speech, as it criminalizes 'any *act* to obstruct, impede, or interfere with' a law enforcement officer engaged in the performance of official duties, and the terms 'obstruct, impede, or interfere with' are all plainly understood and must be supported by the facts in any particular case." *Id*. (emphasis added). "Although some 'acts' could also serve an expressive function, and one could come up with a hypothetical scenario in which the alleged interference involved particularly obstreperous speech, the law does not require dismissing a charge merely because there is a possibility that the provision could reach some constitutionally protected activity." *Id*. "Since section 231(a)(3) does not 'make unlawful a substantial amount of constitutionally protected conduct,' it is not overbroad on its face." *Id*. (citing *City of Houston v. Hill*, 482 U.S. 451, 459 (1987)).

---

[2] Citing *McHugh*, 2022 WL 296304, at *17; *Mostofsky*, 2021 WL 6049891, at *8–9; *Nordean*, 2021 WL 6134595, at *17; and *Gossjankowski*, 2022 WL 782413, at *3. Judge Berman Jackson also cited three out-of-district cases that reached the same result. 2022 WL 2237301, at *6 (citing *United States v. Howard*, 21-cr-28 (PP), 2021 WL 3856290, at *11-12 (E.D. Wis. Aug. 30, 2021); *United States v. Phomma*, 561 F. Supp. 3d 1059, 1067-68 (D. Or. 2021); and *United States v. Wood*, 20-cr-56 (MN), 2021 WL 3048448, at *7-8 (D. Del. July 20, 2021)).

The Eighth Circuit's decision in *Mechanic*, rejecting an overbreadth challenge to Section 231(a)(3), is instructive as well. After noting that the statutory language "applies only to a person who acts to impede, obstruct, or interfere with an official described in the statute," that court held that "conduct involved here [the massing of a mob that threw stones at an R.O.T.C. building on a college campus to protest the Vietnam war, followed by rock and bottle throwing at firemen who arrived to quell the disturbance] is not entitled to constitutional protection." 454 F.2d at 852. "The First Amendment has not been extended to protect rioting, inciting to riot, or other forms of physical violence." *Id.* (citing *Foran*, 411 F.2d at 937). Thus, Section 231(a)(3) "does not purport to reach speech of any kind. It reaches only acts to impede, obstruct, or interfere with police officers and firemen." *Id.* "[I]t is not just any public disturbance which is the subject of the section, but only public disturbances which (1) involve acts of violence (2) by assemblages of three or more persons, and which (3) cause immediate danger of or result in injury to (4) the property or person of any other individual." *Id.*

Mock contends the statute's prohibitions would apply to people who merely express their opinions through "voices, noises, and signs" but nevertheless somehow "interfere with an officer's ability to detect and prevent crime." ECF No. 79. Even assuming such conduct both is criminalized by the statute and protected by the First Amendment, it does not demonstrate that Section 231(a)(3) is unconstitutionally overbroad. "[T]he mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." *Members of the City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984); *see also Howard*, 2021 WL 3856290, at *11 (rejecting overbreadth claim that "the government perhaps could charge someone who yelled at an officer during a civil disorder and could argue that the yelling was an 'act' that 'attempted to obstruct' an officer performing her lawful duties"). Rather, a defendant

must show a "realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *Members of City Council of City of Los Angeles*, 466 U.S. 789, 801 (1984). Mock identifies no such cases and no wonder. Laws like Section 231(a)(3) that are "not specifically addressed to speech or to conduct necessarily associated with speech (such as picketing or demonstrating)" are far less likely to present such a danger. *Hicks*, 539 U.S. at 124. Indeed an "overbreadth challenge" to such a law will "[r]arely, if ever … succeed." *Id.*

The text of Section 231(a)(3) "shows that [it] covers primarily, if not exclusively, conduct or unprotected speech, such as threats." *Fischer*, 2022 WL 782413, at *4 (internal quotation marks omitted). Indeed, "civil disorder's 'fulsome statutory definition' makes plain that to constitute a 'civil disorder,' the "gathering' must 'involve acts of violence' and either cause or 'immediate[ly]' 'threaten bodily injury or property damage[,]'" and "[t]he definition, in other words, 'limits the application of civil disorder to a small (obviously unlawful) subset of public gatherings.'" *Id.* at *3 (alterations in original) (quoting *McHugh*, 583 F. Supp. 3d at 27 n. 22).

Mock has given this Court no reason to depart from its own prior ruling in *Dennis*—nor the unanimous holdings of other judges in this district and elsewhere—that Section 231(a)(3) is not unconstitutionally overbroad. The Court should thus deny Mock's motion to dismiss Count Two on overbreadth grounds, ECF No. 79.

## IV.     CONCLUSION

Based on the precedents and reasons stated above, the Court should deny all three of Mock's motions to dismiss Count One, ECF Nos. 75-77, and both of his motions to dismiss Count Two, ECF Nos. 78 and 79.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida State Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
michael.gordon3@usdoj.gov
Telephone: 813-274-6370

*/s/ Michael L. Jones*
MICHAEL L. JONES
Trial Attorney, Detailee
D.C. Bar No. 1047027
601 D St., NW
Washington, D.C. 20001
michael.jones@usdoj.gov
Telephone: 202-252-7820