UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN CHRISTOPHER MOCK,<br><br>Defendant. | Criminal Action No. 21-444 (JEB) |

## MEMORANDUM OPINION

Defendant Brian Christopher Mock was a member of the crowd that stormed the U.S. Capitol on January 6, 2021. He is charged with multiple criminal counts related to such conduct. With trial now approaching, the Government has filed three Motions *in Limine* to preclude certain evidence. As the parties are generally in agreement on these issues, there is little to resolve, and the Court will largely grant the Government's Motions. Defendant, meanwhile, seeks to dismiss two counts, mainly rehashing several arguments that this Court, others in this district, and the D.C. Circuit have previously rejected. The Court will deny each of his Motions.

**I.      Background**

Mock has been indicted on no fewer than eleven counts. They are: Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count I); Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count II); Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1) and (b) (Counts III–VI); Theft of Government Property, in violation of 18 U.S.C. § 641 (Count VII); Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count VIII); Disorderly and Disruptive Conduct in a Restricted Building or Grounds

with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count IX); Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Count X); and Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count XI). See ECF No. 64 (Second Superseding Indictment).

The United States now moves *in limine* to restrict certain evidence and arguments at trial. See ECF Nos. 66–68. Defendant, meanwhile, offers numerous separate Motions for the dismissal of Counts I and II. See ECF Nos. 75–79. The Court looks at each set separately.

## II.     Legal Standard

### A.     Motions in *Limine*

"[M]otions *in limine* are a means for arguing why 'evidence should or should not, for evidentiary reasons, be introduced at trial.'" Graves v. District of Columbia, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (emphasis omitted) (quoting Williams v. Johnson, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)). They "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" Id. at 10 (quoting Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990)). The court has "broad discretion in rendering evidentiary rulings, . . . which extends . . . to the threshold question of whether a motion *in limine* presents an evidentiary issue that is appropriate for ruling in advance of trial." Barnes v. District of Columbia, 924 F. Supp. 2d 74, 79 (D.D.C. 2013).

Although state and federal rulemakers have the prerogative to fashion standards for the inclusion of evidence at trial, the Constitution guarantees to criminal defendants the right to a "meaningful opportunity to present a complete defense." Holmes v. South Carolina, 547 U.S. 319, 324 (2006) (quoting Crane v. Kentucky, 476 U.S. 683, 690 (1986)). This limits courts'

ability to impose "arbitrary" rules of evidence, including those that exclude "important defense evidence" without serving "any legitimate interests," or are otherwise "disproportionate to the purposes they are designed to serve." Id. at 324 (internal quotation marks omitted). At the same time, it falls within a court's discretion to exclude evidence that is not relevant or whose probative value is outweighed by prejudicial factors. Id. at 326; see also id. at 330 (noting that evidentiary rules seek to "focus the trial on the central issues by excluding evidence that has only a very weak logical connection to the central issues").

    B. Motions to Dismiss an Indictment

A defendant may move prior to trial to dismiss an indictment (or specific counts) on the basis that there is a "defect in the indictment," including a "failure to state an offense." Fed. R. Crim P. 12(b)(3)(B)(v). "The operative question is whether the allegations, if proven, would be sufficient to permit" the factfinder to conclude that the defendant committed the criminal offense as charged. See United States v. Sanford, Ltd., 859 F. Supp. 2d 102, 107 (D.D.C. 2012); United States v. Bowdoin, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974).

In reviewing the indictment, a court affords deference to the "fundamental role of the grand jury." Ballestas, 795 F.3d 138, 148 (D.C. Cir. 2015) (quoting Whitehouse v. U.S. Dist. Court, 53 F.3d 1349, 1360 (1st Cir. 1995)). As a result, "[a]dherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictments returned by the grand jury." United States v. Hitt, 249 F.3d 1010, 1016 (D.C. Cir. 2001). A court accordingly cabins its analysis to "the face

of the indictment and, more specifically, the language used to charge the crimes." United States v. Sunia, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (emphases and internal quotation marks omitted).

**III.    Analysis**

   A.  Government Motions

The Government has filed three Motions *in Limine*. They respectively request that this Court restrict: (1) evidence regarding the precise locations of U.S. Capitol Police surveillance cameras, see ECF No. 66 (Camera Motion), (2) cross-examination regarding the Secret Service's protocols for protecting high-ranking executive officials, see ECF No. 67 (Secret Service Motion), and (3) arguments and evidence regarding Capitol Police behavior on January 6, 2021. See ECF No. 68 (Entrapment-by-Estoppel Motion). The Court considers each Motion in turn.

   1. *Camera Motion*

In moving *in limine* to exclude information about the precise locations of Capitol Police cameras, the Government notes concerns for national security. See Camera Mot. at 4. It believes that evidence showing which areas of the Capitol building are not under video surveillance could result in security breaches. Id. at 5. Mock acknowledges that the precise location of the cameras will likely not factor into his defense, but he wishes to reserve the right to raise the issue should such information become relevant at trial. See ECF No. 73 (Defense Response to MILs) at 1–2. The Government therefore requests that if Defendant desires to raise any issues regarding the location of cameras during trial, those should be pre-screened by the Court, a procedure to which Mock has no objection. See Camera Mot. at 5; Def. Resp. at 1–2. The parties thus essentially agree. With the Government's suggested proviso in place, the Court will grant the Motion.

2. *Secret Service Motion*

The United States next moves to limit the cross-examination of U.S. Secret Service witnesses, seeking to exclude testimony about agency protocols for protecting high-ranking executive-branch officials at the U.S. Capitol. See Secret Serv. Mot. at 2. Out of a concern for national security, the Government requests that questioning of such witnesses be limited to general information about their duties and whether the Capitol and its grounds were "restricted" on January 6, 2021. Id. Defendant asserts that he does not plan to cross-examine those witnesses on protocols outside the scope of direct examination. See Def. Resp. at 2.

As the parties are largely in agreement on these issues as well, the Court will grant in part the Government's Motion with only the clarification that Defendant may cross-examine within the scope of direct testimony.

3. *Entrapment-by-Estoppel Motion*

The United States last moves *in limine* to preclude Mock from (1) raising as an affirmative defense entrapment by law-enforcement officials and (2) offering any evidence or argument concerning alleged inaction by such officials. If (2) is denied, the Government asks the Court to preclude Mock from offering evidence of law-enforcement officials' conduct unless actually observed by Defendant. See Entrap. Mot. at 4. In response, Defendant filed a notice informing the Court and the Government that although he does not intend to raise an entrapment-by-estoppel defense, he should be able to testify "to what he saw and heard that day," and if "trial evidence turns out to support such a[n] [entrapment-by-estoppel] defense, the Court should permit it." Def. Resp. at 2. This Court has previously agreed with that position, holding in United States v. Carpenter, No. 21-305, 2023 WL 1860978 (D.D.C. Feb. 9, 2023), that precluding all evidence related to law-enforcement inaction on January 6 "would be premature

5

and should await the presentation of evidence at trial." Id. at *3. It reaffirms that position now and will not at this point categorically preclude an entrapment-by-estoppel defense.

As to the Government's alternative position, Mock does not appear to disagree. He does not contend that evidence of alleged police inaction is admissible if he did not observe it. Nor could he, as unobserved behavior could not possibly have influenced his state of mind on January 6 and would therefore be irrelevant under Federal Rule of Evidence 401. But, as the Government acknowledges, anything he actually did see could be relevant to his state of mind. See Entrap. Mot. at 4. As Defendant may thus offer such evidence, the Court grants the Government's Motion in part.

B.  Defense Motions

In five separate Motions, Mock argues that two counts of the Second Superseding Indictment should be dismissed. The Court will consider each independently.

1. *Count I: Failure to State an Offense*

Defendant first contends that Count I fails to state an offense under 18 U.S.C. § 1512(c)(2) because it does not allege any obstructive conduct related to "a document, record, or object." ECF No. 75 (MTD #1) at 1. He concedes, however, that, in light of the D.C. Circuit's binding decision in United States v. Fischer, 64 F.4th 329, 350 (D.C. Cir. 2023), this ground is not tenable. As he acknowledges that this Motion is largely meant to preserve the issue for appeal, see MTD #1 at 1, the Court will deny it.

2. *Count I: Unconstitutionally Vague*

Mock next moves to dismiss Count I on the ground that § 1512(c) violates the Due Process Clause of the Fifth Amendment because it is unconstitutionally vague. See ECF No. 76 (MTD #2). That statute reads in part:

>   (c) Whoever corruptly —
>   . . .
>   (2) . . . obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

Defendant maintains that (1) the statute fails to give fair notice that "official proceeding" includes congressional certification of the Electoral College count; and (2) the statute's use of "corruptly" does not distinguish between criminal and lawful conduct. Id. Because Mock acknowledges that the D.C. Circuit has rejected his first contention, see MTD #2 at 1–2 (citing Fischer, 64 F.4th at 342–43), the only issue is whether the term "corruptly" is unconstitutionally vague.

Generally, a statute violates due process only if it is "so vague that it fails to give ordinary people fair notice of the conduct it punishes . . . ." Johnson v. United States, 576 U.S. 591, 595 (2015). A statute is valid, conversely, even if it requires individuals to use their own judgment to determine if an action is illegal. Id. at 603–04 ("[W]e do not doubt the constitutionality of laws that call for the application of a qualitative standard . . . to real-world conduct."). It is the citizen's duty to know the law, and a law is not unconstitutionally vague simply because two citizens may interpret it differently. See United States v. Bronstein, 849 F.3d 1101, 1107 (D.C. Cir. 2017).

Mock's argument here has already been rejected by courts in this district (including this one), which have offered full and persuasive analyses of motions that mirror his. See, e.g., United States v. Oseguera Gonzalez, No. 20-40, 2020 WL 6342948, at *7 (D.D.C. Oct 29, 2020); United States v. Sandlin, 575 F. Supp. 3d 16, 34 (D.D.C. 2021); United States v. Mostofsky, 579 F. Supp. 3d 9, 26 (D.D.C. 2021). The reasoning in these opinions remains persuasive.

7

Defendant nonetheless argues that the D.C. Circuit's split decision in Fischer suggests that the term "corruptly" is unconstitutionally vague and requires this Court to reconsider its earlier decision in Mostofsky. That mischaracterizes what actually occurred in Fischer. The Circuit decided the case 2–1, with Judge Florence Pan writing the lead opinion and Judge Justin Walker writing a concurrence to lay out his interpretation of "corruptly." Although he and Judge Pan disagreed on the precise definition of the term, neither judge found "corruptly" overly vague. Judge Pan did not take a position on how to define the term, concluding that § 1512(c) was not vague under any definition of "corruptly." 64 F.4th at 339. Judge Walker, on the other hand, did define the term, but he also did not find that the statute was unconstitutionally vague. Id. at 352, 361 (Walker, J., concurring). While there was no consensus as to the exact definition of the term, neither judge evinced any belief that § 1512(c)(2) was unconstitutionally vague. Defendant's Motion thus does not succeed.

       3.   *Count I: Official Proceeding*

Mock's next contention is that Count I falls because the congressional certification of the Electoral College vote does not qualify as an "official proceeding" as understood in § 1512(c)(2). He concedes that the D.C. Circuit's decision in Fischer, 64 F.4th at 342–43, said otherwise. See ECF No. 77 (MTD #3). Indeed, the Court of Appeals there affirmed the district court's finding that "[t]he statutory definition of 'official proceeding' . . . includes a 'proceeding before Congress" like the Electoral College certification. Fischer, 64 F.4th at 342. This reasoning is controlling.

4. *Count II: Unconstitutionally Vague*

Mock also moves to dismiss Count II of the Indictment, first arguing that 18 U.S.C. § 231 violates the Due Process Clause of the Fifth Amendment because it is unconstitutionally vague. See ECF No. 78 (MTD #4). That statute states in relevant part:

> (a) (3) Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder . . . .

Defendant argues that the phrases "any act to obstruct, impede, or interfere" and "incident to and during the commission of a civil disorder" do not give a person of ordinary intelligence a reasonable opportunity to separate lawful from unlawful conduct and thus violate the Fifth Amendment. See MTD #4.

This Court and a number of its peers have previously rejected identical arguments. See, e.g., United States v. Dennis, No. 21-679, 2022 WL 17475401, at *2 (D.D.C. Dec. 6, 2022); United States v. McHugh, 583 F. Supp. 3d 1, 25–26 (D.D.C. 2022) (holding that additional specific-intent requirements of § 231 demonstrate that the statute is not vague); United States v. Nordean, 579 F. Supp. 3d 28, 56–57 (D.D.C. 2021) (holding that straightforward reading of § 231 shows statute is not vague)). In one such opinion, Judge John Bates noted: "An ordinary person would have an intuitive understanding of what is proscribed by a ban on obstructing, impeding, or interfering with law enforcement." McHugh, 583 F. Supp. 3d at 27. The U.S. Code, furthermore, explicitly defines civil disorder in the very next subsection: "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1).

9

In rejecting the same challenge in Dennis, this Court concluded: "[Defendant] presents [no arguments for dismissal] that have not already been rejected in January 6 cases by either this Court or others in this district — cases that Defendant does not . . . distinguish." 2022 WL 17475401, at *3.  The same is true here.

5. *Count II: First Amendment*

Mock last moves to dismiss Count II on the ground that § 231 violates the Free Speech Clause of the First Amendment to the U.S. Constitution.  See ECF No. 79 (MTD #5).  He maintains that the statute is substantially overbroad, prohibiting too much otherwise legal conduct to pass muster under that Amendment.  Id.

If a statute prohibits "a substantial amount of constitutionally protected conduct," it may violate the First Amendment regardless of whether the law has a legitimate application.  See City of Houston v. Hill, 482 U.S. 451, 459 (1987).  That there may be "some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." Members of City Council of L.A. v. Taxpayers for Vincent, 466 U.S. 789, 800 (1984).  The proper inquiry requires this Court to ask whether a statute is overbroad and whether that overbreadth is substantial.  See United States v. Williams, 553 U.S. 285, 292 (2008) ("[W]e have vigorously enforced the requirement that a statute's overbreadth be substantial, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep.").

This Court has previously rejected overbreadth arguments about § 231 similar to those advanced by Defendant.  See Mostofsky, 579 F. Supp. 3d at 22 ("[T]he 'strong medicine of overbreadth invalidation' is not necessary here because the statute's potentially unconstitutional applications are few compared to its legitimate ones.") (quoting Virginia v. Hicks, 589 U.S. 113, 120 (2003)); see also Dennis, 2022 WL 17475401, at *2 (finding that defendant's challenge was

10

a "word-for-word recitation of the overbreadth challenge" in Mostofsky). Mock, furthermore, fails to point to any impermissible applications of § 231 that could suggest overbreadth. As a result, his Motion and those of the defendants in Dennis and Mostofsky are largely congruent. There is little reason to depart from these previous decisions.

## IV. Conclusion

The Court, accordingly, will grant the Government's Motion *in Limine* to restrict information about the precise location of U.S. Capitol Police cameras, grant in part the Government's Motion *in Limine* to restrict cross-examination of U.S. Secret Service witnesses, and grant in part the Government's Entrapment-by-Estoppel Motion. The Court will also deny Defendant's five Motions to Dismiss. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: June 6, 2023