UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-444 (JEB) |
| BRIAN CHRISTOPHER MOCK | |

**MOTION TO STRIKE DEFENDANT'S *EX PARTE* TRIAL BRIEF**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court decline to read, let alone consider, the defendant's *ex parte* trial brief, ECF No. 85, and strike it from the docket. This is an improper *ex parte* filing, particularly in a bench trial, where the Court will act as fact finder.

I. **Background**

A bench trial in this case is scheduled to begin on June 20, 2023. Early this morning, the last business day before trial, the defendant electronically filed a document styled on ECF as "Ex parte document, RESPONSE." *See* ECF No. 85. Defense counsel followed this filing with an e-mail to government counsel in which he stated, in part,

> I just filed the defense's ex parte trial brief. I attempted to make sure it was filed ex parte, but if the government somehow gets notice *and* access to it, I respectfully request that it honor the ex parte label and refrain from reading it. I doubt its contents would surprise you, but I'll not have my client's interests thwarted by a CM/ECF problem.

The government indeed received notice of the filing via ECF but has abided by the defendant's request and has not read the document.

Concerned about the propriety of such an *ex parte* filing, however, government counsel called defense counsel to confer. Without detailing any of the *ex parte* filing's specific contents, defense counsel informed the government that the filing was the type of trial brief he files in every

case. Defense counsel stated that it explained to the Court "where I am going" with his defense, contained his summaries of expected testimony (including the defendant's), and his description of what he expected the evidence to show (and, presumably, not show). Defense counsel did not identify any uniquely sensitive content.

## II. Legal Standard

Generally, courts should "refuse to accept any *ex parte* communications." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995). Due process requires that litigants have the "opportunity to know the claims of the opposing party and to meet them." *Morgan v. United States*, 304 U.S. 1, 18 (1938). For that reason, "Ex parte communications generally are disfavored because they conflict with a fundamental precept of our system of justice." *Microsoft Corp.*, 56 F.3d at 1464 (citing *Morgan* and other cases). The dangers of *ex parte* communications are exacerbated when the judge is the ultimate fact finder, such as in a bench trial. *See Clifford v. United States*, 136 F.3d 144, 149 (D.C. Cir. 1998) (citing *United States v. Sepulveda*, 512 F. Supp. 592, 594 (D.D.C. 1981)).

*Ex parte* communications are acceptable "only in the rarest of circumstances." *United States v. Libby*, 429 F. Supp. 2d 18, 21 (D.D.C. 2006). For example, courts have accepted *ex parte* submissions "where: (1) materials are submitted for inspection to the Court because a party seeks to prevent their use in litigation, *Chekkouri v. Obama*, 158 F. Supp. 3d 4, 5–6 (D.D.C. 2016) (citing *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986)), (2) the government has made "a demonstration of compelling national security concerns," *id.*, (3) such *ex parte* review is "specifically contemplated by statute," *id.*, and (4) "to resolve fears of intimidation of a witness." *Clifford*, 136 F.3d at 149 (internal citations omitted). Due process, however, requires that a party

be aware of and allowed to refute "the evidence against the merits of his case." *Id.* (quoting *In re Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. Unit B 1981)).

### III. Argument

Based on defense counsel's representation, nothing in his trial brief fits within any of the "few and tightly contained" exceptions to the general rule against *ex parte* filings. *Abourezk*, 785 F.2d at 1061. He is not seeking to protect privileged materials or the safety of a witness, and he is not relying on a statute that specifically contemplates *ex parte* filings. *See id.*; *Clifford*, 136 F.3d at 149. Instead, he is merely trying to influence the Court by previewing his defense strategy and his interpretations of the evidence in advance of a trial where the Court will serve as the fact finder. In essence, he is providing the Court with a secret opening statement to which the government cannot respond. This is completely improper. The Court should decline to read it, let alone consider it.

The government recognizes that publicly filed pre-trial briefs are common and generally appropriate. The problem with the defendant's, however, is that he filed it *ex parte*. If the defendant's brief contains sensitive information that he wishes to shield from the general public, he may accomplish that goal by filing his brief under seal. But he cannot hide his attempt to influence the Court from the government and deny the United States the "opportunity to know the claims of the opposing party and to meet them." *Morgan*, 304 U.S. at 18.

## IV. Conclusion

For the reasons stated above, the Court should decline to read and refuse to consider the defendant's *ex parte* filing, ECF No. 85. The Court should also strike it from the docket.

In the alternative, the Court should schedule an emergency supplemental pre-trial conference to discuss this matter with the parties later this afternoon.

Respectfully submitted,

FOR THE UNITED STATES

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33606
michael.gordon3@usdoj.gov
(813) 274-6370

*/s/ Michael L. Jones*
MICHAEL L. JONES
Trial Attorney
D.C. Bar No. 1047027
601 D St., NW
Washington, D.C. 20001
michael.jones@usdoj.gov
(202) 252-7820