UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-444 (JEB) |
| BRIAN CHRISTOPHER MOCK | |

## STATEMENT OF ELEMENTS FOR TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits a statement of the elements for each of the charges at issue in the upcoming bench trial, as well as the elements necessary for the affirmative defenses of self-defense or defense-of-another, should the defendant seek to pursue either of them.[1]

**A. Count 1: Obstruction of an Official Proceeding, 18 U.S.C. § 1512(c)(2)[2]**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant obstructed or impeded an official proceeding.

2. The defendant intended to obstruct or impede the official proceeding.

3. The defendant acted knowingly, with awareness that the natural and probable

---

[1] In accordance with the Court's directive, the government attempted to confer with defense counsel to reach agreement on a joint statement of the elements, but defense counsel did not respond to the government's draft or follow-up outreach. Consequently, the United States does not know whether the defendant agrees with or objects to any aspect of this statement of the elements.

[2] 18 U.S.C. § 1512(c)(2). For other January 6 trials that have used similar instructions to these, see, e.g., *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 8); *United States v. Wren, et al.*, No. 21-599 (RBW) (instructions not yet available on ECF); *United States v. Sara Carpenter*, 21-cr-305-JEB (ECF No. 97 at 10); *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 11-12); *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF No. 84 at 24); and *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF No. 215 at 7).

    effect of his conduct would be to obstruct or impede the official proceeding.

  4. The defendant acted corruptly.

Definitions

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

The term "official proceeding" includes a proceeding before Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. For purposes of this count, the term "official proceeding" means Congress' Joint Session to certify the Electoral College vote.[3]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[4]

---

[3] In *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023), the D.C. Circuit held "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of § 1512(c)(2). *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress"); § 1512(f)(1) ("For the purposes of this section—(1) an official proceeding need not be pending or about to be instituted at the time of the offense"). For the nexus requirement (that the official proceeding need be reasonably foreseeable), see *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995). For other January 6 trials that have used this instruction, see*, e.g.*, *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-26), *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 12), *United States v. Thompson*, No. 21-cr-161 (RBW) (ECF No. 832 at 26), *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 23).

[4] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. [In addition, the First Amendment to the United States Constitution affords people the right to speak, assemble, and petition the Government for grievances. Accordingly, an individual who does no more than lawfully exercise those rights does not act corruptly.] In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[5] Often, acting corruptly involves acting with the intent to secure an

---

evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 9) (same).

[5] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022). For other January 6 trials that have used similar instructions, see, *e.g.*, *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7), and *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-29); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

unlawful advantage or benefit either for oneself or for another person.[6]

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct.[7]

The essential elements of aiding or abetting the commission of the offense of obstruction of an official proceeding, in violation of 18 U.S.C. § 2, each of which the government must prove beyond a reasonable doubt, are as follows:

1. At least one other person committed obstruction of an official proceeding by committing each of the elements of that offense;

2. The defendant knew that obstruction of an official proceeding was going to be committed or was being committed by at least one other person;

3. The defendant performed an act or acts in furtherance of the offense;

4. The defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging at least one other person in committing the offense of obstruction of an official proceeding; and

5. The defendant did that act or acts with the intent that at least one other person commit the offense of an obstruction of an official proceeding.

---

[6] This last line, which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32), *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10), and *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 24).

[7] *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

B. **Count 2: Obstructing Officers During a Civil Disorder, 18 U.S.C. § 231(a)(3)[8]**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

2. At the time of the defendant's actual or attempted act, the law enforcement officer was engaged in the lawful performance of his official duties incident to and during a civil disorder.

3. The civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

---

[8] *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81)); 18 U.S.C. § 232; 18 U.S.C. § 6; 5 U.S.C. § 101; 2 U.S.C. §§ 1961, 1967. For other January 6 trials that have used similar instructions, see, e.g., *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15-16), and *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 17).

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.[9]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[10]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[11]

---

[9] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 21).

[10] *See* 18 U.S.C. § 232(3).

[11] *See, e.g., United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971).")

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[12]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

---

[12] *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 19). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Green*, 927 F.2d 1005, 1008 (7th Cir. 1991) ("Given the sweep of the phrase 'official duties,' the district court did not err in instructing the jury that the duties of a federal prison employee, even a food service worker, extend to 'safekeeping, protection and discipline.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

**C. Count 3: Assaulting, Resisting, or Impeding Officers, 18 U.S.C. § 111(a)(1)**

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police.

2. The defendant did such acts forcibly.

3. The defendant did such acts voluntarily and intentionally.

4. The officer was an officer or an employee of the United States who was then engaged in the performance of his official duties.

5. The defendant made physical contact with a person who was an officer or an employee of the United States who was then engaged in the performance of his official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Count 1 and Count 2.

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[13]

---

[13] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[14]

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty so long as it is established beyond a reasonable doubt that the person was, in fact, carrying out an official duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[15]

---

[14] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30), and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14).

[15] *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

9

### D. Count 4: Assaulting, Resisting, or Impeding Officers, 18 U.S.C. § 111(a)(1)

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer S.K., an officer from United States Capitol Police.

2. The defendant did such acts forcibly.

3. The defendant did such acts voluntarily and intentionally.

4. Officer S.K., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was an officer or an employee of the United States who was then engaged in the performance of his official duties.

5. The defendant made physical contact with Officer S.K., or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Count 1 and Count 2.

### E. Count 5: Assaulting, Resisting, or Impeding Officers Using a Dangerous Weapon, 18 U.S.C. § 111(b)

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from United States Capitol Police or the Metropolitan Police Department.

2. The defendant did such acts forcibly.

3. The defendant did such acts voluntarily and intentionally.

4. The officer was an officer or an employee of the United States who was then engaged in the performance of his official duties or assisting officers of the United States who were then engaged in the performance of their official duties.

5. In doing such acts, the defendant intentionally used a deadly or dangerous weapon, specifically a flag pole.[16]

Definitions

An object may be a "deadly or dangerous weapon" in one of two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.

In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it.[17]

---

[16] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

[17] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("For an object that is not inherently deadly . . . the following additional element is required: (4) the object must be capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner."); *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) ("An object is a dangerous weapon . . . if it is either inherently dangerous or otherwise used in a manner likely to endanger life or inflict great bodily harm. . . . Inherently dangerous weapons . . . are obviously dangerous objects such as guns, knives, and the like.") (quotation marks omitted); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) ("Thus, the term 'dangerous weapon' is not restricted to such obviously dangerous weapons as guns, knives, and the like, but can include virtually any object given appropriate circumstances."). For another January 6 trial that used a similar instruction, see *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15).

**F. Count 6: Assaulting, Resisting, or Impeding Officers, 18 U.S.C. § 111(a)(1)**

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police or the Metropolitan Police Department.

2. The defendant did such acts forcibly.

3. The defendant did such acts voluntarily and intentionally.

4. The officer was an officer or an employee of the United States who was then engaged in the performance of his official duties or assisting officers of the United States who were then engaged in the performance of their official duties.

5. The defendant made physical contact with a person who was an officer or an employee of the United States who was then engaged in the performance of his official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Count 1 and Count 2.

### G. Count 7: Theft of Government Property, 18 U.S.C. § 641[18]

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant stole, took,[19] embezzled, purloined, or knowingly converted to his own use a riot shield.

2. The riot shield was property of some value belonging to the United States or any of its departments or agencies.

3. The defendant intended to deprive, without right, the United States government of the use or benefit of the riot shield.

### H. Count 8: Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(1) and (b)(1)(A)[20]

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2. The defendant did so knowingly.

3. The defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.[21]

---

[18] *United States v. Barnett*, No. 21-cr-38 (CPC) (ECF No. 158 at 24).

[19] *United States v. Thompson*, No. 21-cr-161 (RBC) (ECF No. 83 at 29).

[20] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

[21] *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 34); *United States v. Schwartz, et al*, No. 21-cr-178 (APM) (ECF No. 172 at 24).

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count 1 and Count 2.

The term "deadly or dangerous weapon" has a similar meaning to the meaning in Count 5. An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death. However, for purposes of this offense, unlike the offense in Count 5, the defendant need not have actually used the object in that manner.

**I. Count 9: Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(2) and (b)(1)(A)[22]**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

2. The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

3. The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

4. The defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense or the offense resulted in significant bodily injury.[23]

Definitions

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person. "Disorderly conduct" also occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others.[24]

---

[22] 18 U.S.C. § 1752.

[23] *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 37); *United States v. Schwartz, et al,*, No. 21-cr-178 (APM) (ECF No. 172 at 25); *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 22), *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 16).

[24] *United States v. Schwartz, et al,*, No. 21-cr-178 (APM) (ECF No. 172 at 27).

"Disorderly conduct" is also conduct that tends to disturb the public peace, offend public morals, or undermine public safety.[25]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[26]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count 8. The term "deadly and dangerous weapon" also has the same meanings described in the instructions for Count 8.

### J. Count 10: Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(4) and (b)(1)(A)[27]

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant engaged in an act of physical violence against a person in, or in proximity to, a restricted building or grounds.

2. The defendant did so knowingly.

3. The defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

---

[25] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24); *see also* "Disorderly," Oxford English Dictionary (2nd ed. 1989) ("Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.").

[26] Redbook 6.643.

[27] 18 U.S.C. § 1752.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The terms "restricted building or grounds" [and] "knowingly" have the same meanings described in the instructions for Count 8. The term "deadly and dangerous weapon" also has the same meaning described in the instructions for Count 8.

### K. Count 11: Act of Physical Violence in the Capitol Building or Grounds, 40 U.S.C. § 5104(e)(2)(F)[28]

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

2. The defendant acted willfully and knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property. For purposes of this offense, unlike the offense in Count 10, the threat of infliction of bodily harm is sufficient to meet this definition.

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

---

[28] *United States v. Alberts*, No. 21-cr-26 (CRC) (ECF No. 147 at 20).

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded. The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

### L. Affirmative Defenses of Self-Defense or Defense-of-Another

A defendant who is charged under 18 U.S.C. § 111(a) may assert, as an affirmative defense, a theory of self-defense "which justifies the use of a reasonable amount of force against an adversary when a person reasonably believes that he is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger." *United States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982).

Procedurally, the defendant has the initial burden of production to raise a defense-of-another claim. *See United States v. Branch*, 91 F.3d 699, 712 (5th Cir. 1996) (concerning the analytically identical self-defense justification). Only after the defendant meets his burden of production does the government have the burden to disprove the defense beyond a reasonable doubt. *See id.* The government is under no duty to affirmatively produce evidence to refute the defense-of-others claim. *See id*. For the defendant to satisfy the initial burden of production, "there must be evidence [in the trial record] sufficient for a reasonable jury to find in [the defendant's] favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988).

Here, the defendant has not formally raised a claim of self-defense or defense-of-others. If he seeks to do so, however, he must first establish a *prima facie* case that he:

1. Held an actual, reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force; and

2. Used no more force than was reasonably necessary in the circumstances.

*See United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006); *see also United States v. Slatten*, 395 F. Supp. 3d 45, 112-113 (D.D.C. 2018) (citing Barbra Bergman, *Criminal Jury Instructions for the District of Columbia* §§ 9.500, 9.501(B)-(C), 9.503 (5th ed. 2018)). "If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial." *United States v. Cramer*, 532 F. App'x 789, 791 (9th Cir. 2013) (citing *United States v. Bailey*, 444 U.S. 394, 415 (1980)).

This defense contains three important limitations. First, Congress enacted Section 111 "to protect both federal officers and federal functions." *United States v. Feola*, 420 U.S. 671, 679 (1975). As a result, "[a]n individual is not justified in using force for the purpose of resisting arrest or other performance of duty by a law enforcement officer within the scope of his official duties." *United States v. Drapeau*, 644 F.3d 646, 653 (8th Cir. 2011); *see also United States v. Branch*, 91 F.3d 699, 714 (5th Cir. 1996) ("[Self-defense] principles must accommodate a citizen's duty to accede to lawful government power and the special protection due federal officials discharging official duties.").

Second, even in circumstances where an individual might be justified in using some force to resist a federal officer, that resistance must be reasonable under the circumstances. *See Abrams v. United States*, 237 F.2d 42, 43 (D.C. Cir. 1956) (observing that "the use of 'reasonable force' only would have been open to defendants"); *Waters v. Lockett*, 896 F.3d 559, 570 (D.C. Cir. 2018) (self-defense not applicable "if [the defendant] and his co-conspirators

19

used excessive force to repel Hargrove's attack"); *see also United States v. Wallace*, 368 F.2d 537, 538 (4th Cir. 1966) (explaining that Section 111 permits "reasonable force employed in a justifiable belief that it is exerted in self-defense"); *United States v. Perkins*, 488 F.2d 652, 655 (1st Cir. 1973) (defendant may be convicted under Section 111 where "he used more force than was necessary to protect the person or property of himself or others").

Finally, "[a] defendant cannot claim self-defense if he was the aggressor or if he provoked the conflict upon himself." *Waters*, 896 F.3d at 569 (internal quotation marks and citation omitted); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.").

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida Bar. No. 1026025
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
michael.gordon3@usdoj.gov
(813) 274-6000

*/s/ Michael L. Jones*
MICHAEL L. JONES
Trial Attorney, Detailee
DC Bar No. 1047027
601 D Street NW
Washington, DC 20001
michael.jones@usdoj.gov
(202) 252-7820