UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    *Plaintiff*,

*vs.*                                             Case No. 21-cr-444-JEB

BRIAN CHRISTOPHER MOCK,

    *Defendant*.

## DEFENDANT'S RESPONSE TO MINUTE ORDER

Brian Mock, by counsel, files this response to the Court's minute order entered on June 16, 2023.

1. Counsel was traveling to Washington, D.C., from Wisconsin yesterday, which included an unexpected re-routing through Dallas before landing last night at National.

2. Counsel has represented hundreds of defendants in federal criminal cases in at least four federal district courts. Counsel has tried about a dozen federal criminal cases and has participated in dozens more. Counsel has filed ex parte trial briefs as a matter of practice—primarily to provide federal district courts a summary or "roadmap" before trial but without compromising the client's right not to disclose his or her defense until after

jeopardy attaches. It's a time-saver if the Court knows where the defense is going before the defense begins examining the trial witnesses.

3. This is the first instance counsel has received push-back from the government on the trial brief's filing.

4. Given that trial begins in three days, the brief's usefulness to the Court at this point is limited. For starters, the government's concern about influencing a factfinder appears overstated. After all, whether a bench trial or jury trial, the Court always retains its role as the arbitrator of legal issues that arise during trial. In a bench trial, the Court wears two "hats." The law recognizes that a trial court unlike, say, a petit jury, can reliably compartmentalize its roles as legal authority and as factfinder.

5. That said, the defense has no interest in any appearance that it acted improperly. Not to mention that it doesn't want the government to have a basis for any appeal if Mock prevails at trial. To that end, it has no objection to the Court's striking the filing. The Court will learn soon enough where the defense is going—it intends to make an opening statement after the government's remarks on Tuesday.

6. The defense would prefer striking the brief rather than opening it up to the government and the public. Mock, and his CJA-appointment counsel, are up against an exceptional group of prosecutors and

investigating agents. To the extent it matters, the defense would rather not give the group any more of a head start on its case than the law requires. But it certainly understands if the Court concludes that the best way forward is to make the pleading public. All things being equal, the defense prefers that more information about the case, not less, should be made public.

7. The bottom line though is that whatever timesaving benefits the trial brief may have provided, the dispute around it already has created a bigger problem than the problem it intended to address. As such, the best way forward is to strike the filing that's causing the dispute.

Dated at Madison, Wisconsin, this June 17th, 2023.

Respectfully submitted,

*Peter R. Moyers*

Peter R. Moyers
Counsel for Mr. Mock

THE MOYERS LAW FIRM, LLC
601 Sawyer Terrace, #5041
Madison, Wisconsin 53705
Tel: 608-286-8399
peter@moyerslawfirm.com