IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED SATES OF AMERICA ) | |
| ) | |
| ) Case No. 1:21-cr-00444-JEB | |
| Vs. ) | Leave to file GRANTED |
| ) | /s/ James E. Boasberg  7/11/23 |
| BRIAN MOCK ) | James E. Boasberg   Date |
| *Defendant* ) | Chief Judge |

### DEFENDANT'S MOTION TO DISMISS
### FOR DUE PROCESS VIOLATIONS

The Defendant, pleading without counsel request that the Court enter its Order to dismiss the instant case prosecution pursuant to Rule 29(a) Fed.R.Crim.P., in support thereof defendant states:

The defense moves to dismiss the indictment in its entirety based on Due Process violations protected under the Amendments Five, Six and Fourteen to the Constitution of the United States of America. From the outset the government's criminal prosecution in its entirety has been fundamentally flawed and has endured as such. The original indictment was predicated on two alleged assaults, one of which had no alleged victim in violation of the Confrontation Clause of Amendment Six to the Constitution of the United States of America. Lack of supporting evidence to the alleged assaults fostered the government to knowingly suborn factually untrue statements tantamount to manufacturing evidence. Moreover, the government's

1

RECEIVED
JUL 10 2023
Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

manufactured evidence was essential to the defendant's resulting pre-trial confinement. The government's conduct deprived defendant from pursuing a myriad of defenses that would have availed themselves but for the government's egregious conduct. To obtain a dismissal based on egregious government misconduct, a criminal defendant must show that they were prejudiced by the misconduct. See - *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988)

The Court should further consider that after approximately one year of pre-trial detention on this matter a number of the government's so-called factual allegations were determined by this Court to be false which led the Court to order release of defendant pending trial or other disposition of the case. After two years and a Superseding Indictment, defendant rejected the government's plea deal whereas accepting the government's plea offer meant defendant having to stand before the Court and lie in effort to gain leniency. "The government may not knowingly use false testimony to obtain a conviction." *U.S. v. Wilson*, 720 F. Supp. 2d 51, 71 (D.D.C. 2010).

In retaliation for declining its plea offer the government sought another superseding indictment against defendant adding a third and fourth alleged assault, bringing the total number of alleged assaults to 4, the government's superseding indictment offends the Fifth Amendment's Due Process protection and the Notice requirement of Amendment Six to the Constitution of the United States of America

2

in that the government made no mention prior to entering plea negotiations that defendant's failure to accept its offer could or would result in additional charges. See

- *Washington v. United States*, 434 A.2d 394 (D.C. 1980) -

> "...where in the face of unsuccessful plea negotiations the government seeks and obtains a new indictment presenting the defendant with a more severe burden, doing so without notice to the defendant and without subsequently engaging in good faith plea bargaining creates a strong inference of vindictiveness on the part of the prosecutor." Id at 400

The government's superseding indictment again failed to name the alleged victim to the alleged assaults or a single witness to corroborate its allegation[1]. Without a named victim, the court is left with an incomplete story. In *Joseph v. U.S.*, 597 A.2d 14 (D.C. 1991) the court was faced with the same government-imposed dilemma that is before the present Court and made the legal determination,

> 'We note, finally and with regret, that the error in this case, although harmless, could have been avoided entirely if the person or persons who drafted the indictment had been more careful in doing so. If the first count had stated explicitly that Joseph had assaulted Richardson with the intent to kill Dickey, this case would have presented no constitutional issue. Instead, because of someone's haste or inattention at the drafting stage, the government ran the risk of our reversing the conviction of a man who inflicted a grave injury on a bystander who had no apparent connection with the quarrel that led to the shooting. The jury's ADW verdict, though not what the government sought,

---

[1] One of the two alleged assaults was brought to the grand jury with no alleged victim. At the original bond motion, the FBI agent testified and refused to say defendant kicked anyone because the evidence at the time did not support it. The FBI agent stated only that the defendant's foot was off the ground in "an unnatural manner". The FBI never stated there was a crime and never said there was any definitive evidence that the defendant came in physical contact with any law enforcement.

3

turned out to be the lucky break that staved off a reversal. *To the best of our recollection, we have never before seen an assault count in an indictment or information that fails to identify the victim by name. We trust that, after today, we shall never see another.*" (Emp added) Id at 19

In the second alleged assault, the government has failed to state if the piece of plastic flagpole actually hit anyone to affectively constitute "an assault". The government further charged defendant with 19 USC § 1512, a charge that in no way applies to this case.

The concept of due process simply encompasses a fair trial. The fact of the matter is the government's case lacks merit and more importantly judicial credibility. From the outset the government's entire case has been riddled with issues of concealment and manipulation which have denied the defendant his constitutional right to the due process of law. Again, the government had no claims that a crime took place from a witness, alleged victim and when questioned in court, the FBI refused to state that any crime had taken place in this charge, stating simply that the defendant's leg in a still frame photo was held "in an unnatural manner". Later at the defendant's second bond motion, the government backed away from the charge when (then) Prosecutor Amanda Jawad admitted that the alleged unnamed victim had already been pushed to the ground by someone other than the defendant and that the defendant "maybe attempted to kick" the unnamed victim.

The Court should consider that two years later, the government finally brought forward a supposed victim in the first alleged assault. However, the alleged victim testified that he could not identify the defendant[.]

## THIS CASE HAS ALL THE MAKINGS OF A VINDICTIVE PROSECUTION

Vindictive prosecution violates due process. See - *Moran v. Burbine*, 475 U.S. 412, 466 (1986).

The government's FBI witness stated in his 302 interview that Officer Collins "couldn't state whether he was kicked by anyone." This is also consistent with the Special Agent's 302 report. Whereas when presented with a paused video at the time of the alleged kick and was asked to circle the person who "might have kicked him", the victim circled the closest person to him. However, the person circled was not the defendant and the government kne[w] that defendant had not been identified by the assault victim as the assailant, but the government pressed on with the prosecution.[2]

Regarding the fourth alleged assault, the government succeeded in naming an alleged victim. The government identified Officer Kevin Karlsen.

In the FBI's 302 report and for two years the government predicated its assault allegation involving Officer Karlsen on a claim that the officer had been pushed to the ground, and more specifically by a shield. The government further claimed that

---

[2] Officer Collins could not even say with certainty that he was in fact the officer in the video.

Officer's Karlsen's face mask had been knocked off in the fall, and that Officer Karlsen was almost blinded and was unable to see. The government claimed that Officer Karlsen had further hit his head so hard that the officer's helmet was dented and last that Officer Karlsen injured his elbow during the assault.

At defendant's Detention Hearing the government provided a still frame photo from a body cam video. In the video, the government circled Officer Karlsen's elbow, identifying the exact moment as the cause of "injury". However, the government's statements to the Court were misleading because the purported statements conflicted with Officer's Karlsen's actual testimony. In his testimony, Officer Karlsen was questioned about his After-Action Report that was finally provided to the defense just a few days before trial. In the AAR Officer Karlsen does *NOT* state that he was assaulted, but rather, ***that he fell***.

The testimony of Officer Karlsen contradicts the government's strongest piece of direct evidence against the defendant, (a video that appears to show the defendant's hands in contact with a shield). Officer Karlsen originally made in a written statement that "he was wearing a gas mask that somehow let some irritant through" that got in his eye before he fell. Officer Karlsen further stated that he ***"was backpedaling on the LWT when he fell straight back, hitting his helmet on the stairs."*** Officer Karlsen stated he said was swarmed by rioters who punched and kicked him repeatedly. He stated that while on the ground, his right elbow was hit

with what he believed to be a black baton, police issue PR-24. The written and oral testimony of Officer Karlsen does not match the 302 FBI Report of Special Agent Alvarez.[3]

Further, Officer Karlsen stated that many months following the events of January 6, 2021, that he had a conversation with an unnamed officer. The unidentified officer told Officer Karlsen, "You didn't fall, you were pushed, remember?" Officer Karlsen went on to state that this occurred before he had seen any video of the alleged incident. Officer Karlsen stated that his testimony was influenced and changed based on the urging and assertions of a police officer, a fellow witness. Ironically the admitted actions taken by that unidentified officer were done so in violation of 18 USC 1512(b).

Inaccuracies in the 302 statements presented by the government were the basis for a bond review that this very court upheld, reversing the previous court's decision to hold the defendant as a danger to society. The court, considering the inaccuracies and manipulations presented as fact by the government granted the defendant bond. The Court rightly ruled in favor of the defendant's pre-trial release. The Court later ordered removal of defendant's ankle monitoring device and all conditions originally

---

[3] The notes of FBI Special Agent Alvarez confirmed that the notes did not match the 302 Report. This is not the only time a 302 Reports provided by FBI agent Alvarez have been shown to be inaccurate.

imposed upon the Defendant. The government objected the entire way, claiming their evidence proved the defendant to be so dangerous that no set of conditions existed that could reasonably ensure public safety if the defendant was released. The central issue germane is that the government knew about all the issues presented and did nothing to correct them. Instead, the government doubled down, on its trail of misleading allegations and attempted to conceal the truth.

## CONCLUSION

All remaining counts of the indictment stem from the instant allegations of assaults. The facts surrounding these alleged assaults and the subsequent testimony of the officers are dubious at best. And at worst, it screams of prosecutorial misconduct.

The government knew about the discrepancies in Officer Karlsen's testimony and changed their version of events throughout each hearing and then at the trial. Government prosecutors were never told by witnesses, alleged victim(s) or even the FBI that a kick occurred in the first alleged assault and yet presented it as fact repeatedly, also changing their version of events throughout the subsequent hearings. Moreover, the government has changed its version of events in this case so frequently that there is absolutely no credibility left.

Due Process rights ensure the accused receives a fair trial. The defendant has been denied the due process of law by way of the government's unclean hands.

8

The government offered to the Court testimony that it knew or should have known had been tampered with by the US Capitol Police officer in that police are the first line of the investigative process. The government must be held to a higher standard than anyone regarding testimony and/or any influence upon it. The entire case has been corruptly influenced and tainted. Accordingly, the totality of constitutional violations by the government in this case cannot be overstated nor overlooked by the Court and is simply ample justification for this entire case to be dismissed.

Respectfully submitted,

_____
Brian Mock

CERTIFICATE OF SERVICE

I hereby certify that, on July 10 2023, this motion was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

_____
Brian Mock