UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN CHRISTOPHER MOCK,<br><br>Defendant. | Criminal Action No. 21-444 (JEB) |

**MEMORANDUM OPINION AND ORDER**

On July 12, 2023, after a bench trial, the Court found Brian Mock guilty of eleven counts arising from his participation in the insurrection at the United States Capitol on January 6, 2021. Those included Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2), and four counts of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1). See ECF No. 64 (Sec. Sup. Ind.) at 2–4. Before the verdict was issued, Defendant filed a Motion pursuant to Federal Rule of Criminal Procedure 29(a), although he labeled it a "Motion to Dismiss." See ECF No. 92 (MTD). The Court held it in abeyance after new counsel was appointed to see if Mock wished to file any other post-trial motions or to amend the current one. As he has not proceeded along either of these tracks, the Court now entertains the Motion and denies it.

I.      **Legal Standard**

Federal Rule of Criminal Procedure 29(c)(1) provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." When considering such a motion, the Court must

1

"consider[] th[e] evidence in the light most favorable to the government" and uphold a guilty verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Wahl, 290 F.3d 370, 375 (D.C. Cir. 2002) (cleaned up).  Put another way, the Court must determine whether "a reasonable juror must necessarily have had a reasonable doubt as to the defendants' guilt." United States v. Weisz, 718 F.2d 413, 437 (D.C. Cir. 1983).

II.     Analysis

In his *pro se* Motion, Mock makes certain arguments appropriate for a Rule 29 motion and others that are better framed as supporting a motion for new trial.  The Court nonetheless considers them all.

A.      Failure to Name Victim

Defendant first contends that he cannot be guilty of assaulting an officer when no officer is identified by name in certain counts of the Indictment.  See MTD at 3–4.  Mock, however, identifies no authority supporting his position.  His reliance on the Sixth Amendment's Confrontation Clause, see MTD at 1, fails because that constitutional provision secures only the right "to be confronted with the witnesses against him," U.S. Const. amend. VI, not a right to confront the victim.  See United States v. Raymond, 2023 WL 6294178, at *6 (D.D.C. Sept. 27, 2023) (rejecting similar Confrontation Clause argument).  In other words, if the Government can prove that a crime occurred without calling the victim to testify, its method of proof does not offend the Sixth Amendment.  That is precisely what the Government did in this case by relying on video evidence showing the assaults in question.

Defendant's citation to Joseph v. United States, 597 A.2d 14 (D.C. 1991), is similarly unhelpful to him.  While it is true that Joseph faulted an indictment for "fail[ing] to identify the victim by name," id. at 19, it found error in that omission only because it created confusion about

2

the nature of the charged crime, not because the victim was not identified. Id. at 17–19. The indictment implied that the defendant was charged with assaulting an individual with intent to kill him, when in fact the Government's theory was that the defendant had assaulted that individual with the intent to kill a different person. Id. Here, the Indictment's omission of the names of certain victims caused no such ambiguity. See Sec. Sup. Ind. at 2–4 (charging Mock with multiple counts of assaulting "an officer from the United States Capitol Police, while such person was engaged in and on account of the performance of official duties").

Where no such confusion is likely, the Government need not name the victim to secure a conviction. At least two courts in this district have concluded that in this context, "the government need not prove the individual identity of the law enforcement officer, but rather that the person [the defendant] obstructed, impeded, or interfered with is a law enforcement officer[.]" United States v. Sargent, 2022 WL 1124817, at *4 (D.D.C. Apr. 14, 2022) (upholding indictment charging obstruction in violation of 18 U.S.C. § 231(a)(3)); see id. at *8 (same as to 18 U.S.C. § 111(a) assault charge); United States v. McHugh, 2023 WL 2384444, at *3 (D.D.C. Mar. 6, 2023) (same). Courts have similarly concluded that the prosecution may proceed without victim identification in various other contexts. See, e.g., United States v. Loayza, 107 F.3d 257, 260 (4th Cir. 1997) ("Indictments which do not identify specific mail fraud victims by name are sufficient.") (cleaned up); Chea v. Frakes, 2010 WL 2342541, at *11 (W.D. Wash. Apr. 2, 2010) (upholding state court ruling that the government "need not identify the victim of [a] premeditated murder" against habeas challenge). Contrary to the thrust of Mock's contentions, a nameless victim is not necessarily a barrier to an assault conviction under § 111.

Nor did the Government's decision not to identify certain victims in the Indictment prevent Mock from adequately preparing his defense. Knowing a victim's identity is generally

3

"not necessary to clarify the charges against [a defendant] or to enable [him] to prepare for trial." United States v. Concord Mgmt. & Consulting LLC, 385 F. Supp. 3d 69, 80 (D.D.C. 2019). To be sure, courts may grant a defense motion seeking a bill of particulars to clarify the identity of a victim in certain circumstances. See, e.g., United States v. Connell, 2023 WL 4286191, at *3–4 (D.D.C. June 30, 2023) (doing so for police-officer victims in January 6 case). Mock never sought any bill of particulars — in all likelihood because he knew the factual details of the charges against him — nor did he include such position in the multiple Motions to Dismiss that he filed before trial. See ECF Nos. 75–79. Even if he had, the Indictment here clearly separated out each assault, and Mock was the sole defendant in the case, so such a motion would not have succeeded. See Sec. Sup. Ind. at 2–4; cf. Connell, 2023 WL 4286191, at *3–4 (ordering clarification of indictment that was unclear as to which defendant assaulted which officer); United States v. Caldwell, No. 21-28 (D.D.C. Sept. 14, 2021), ECF No. 415, at 8–9 (similar).

  Even assuming that the Indictment in this case was insufficiently specific, it is uncontroversial that discovery can cure such vagueness. Connell, 2023 WL 4286191, at *5 (citing United States v. Mosquera-Murillo, 153 F. Supp. 3d 130, 152 (D.D.C. 2015)). Here, discovery included detailed video evidence showing the assaults, leaving no room for doubt about which officers the Indictment referenced. See ECF Nos. 24 (Discovery Status Report) at 8 (anticipating producing "specific relevant clips of body-worn camera and CCTV"); 31 (Discovery Status Report) at 2 (detailing production of video evidence); cf. Connell, 2023 WL 4286191, at *4 (identifying concern that without victim identification, conviction could result from "different jurors concluding the defendant committed the alleged acts against different officers") (cleaned up). Because this video evidence served as the exclusive proof of assault at trial on the counts in question, moreover, Mock's preparation of his defense did not suffer from

ignorance of the victims' identities. Cf. Raymond, 2023 WL 6294178, at *4 (ordering bill of particulars naming victims to allow defendant to "put on a case disputing a particular victim's account."). Even construed in its strongest light, Mock's challenge to the Indictment's validity thus comes up empty.

    B. Vindictive Prosecution

Defendant next asserts that he is the victim of a vindictive prosecution. See MTD at 5. Because he would not take a plea, the Government purportedly piled on extra charges without notice that it would do so. Id. at 2–3. The D.C. Circuit has explained the law thus:

> [T]o succeed on a claim of vindictive prosecution, a defendant must establish that the increased charge was "brought solely to 'penalize' [him] and could not be justified as a proper exercise of prosecutorial discretion." This can be accomplished in two ways: through objective evidence showing actual vindictiveness, or through evidence "indicat[ing] a 'realistic likelihood of vindictiveness,'" which gives rise to a presumption that the government must then attempt to rebut.

United States v. Slatten, 865 F.3d 767, 799 (D.C. Cir. 2017) (internal citations omitted).

Mock provides no evidence of the first, and his attempt on the second falls short of the mark. All he offers is that "the government made no mention prior to entering plea negotiations that defendant's failure to accept its offer could or would result in additional charges." MTD at 3 (citation omitted). Yet the Government persuasively explains the iterations of its Indictment, noting preliminarily that its First Superseding Indictment, filed on December 1, 2021, see ECF No. 36 (First Sup. Ind.), after Mock had rejected a plea, did not add any new charges at all, but only removed certain language from three counts. See ECF No. 98 (Gov't Opp.) at 8. Considerably later on, after new AUSAs had been assigned to the case and were preparing for trial, those prosecutors believed that further charges were appropriate, and a Second Superseding Indictment with additional counts was filed on March 15, 2023 — fifteen months later. Id. at 9.

5

That is clearly permissible and indicates no likelihood of vindictiveness. See United States v. Goodwin, 457 U.S. 368, 381 (1982) ("In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance.").

    C.    Inconsistent and Incredible Testimony

Mock last argues that because the officers' testimony should not be believed, acquittal on many counts is warranted. He contends that such testimony differed from what the Government had proffered at prior bond hearings (where he believes he was unjustly detained) and was riddled with inconsistencies. See MTD at 4–8. To begin, whether or not Defendant should have been detained pretrial is water that has long ago passed under the bridge. There is thus no point in reassessing that contention. As for credibility, the Court listened carefully to the testimony at trial — all of which was corroborated by video recordings — and found that the Government had proved Mock guilty beyond a reasonable doubt of all charges. He has offered no persuasive basis to revisit those verdicts.

**III.**    **Conclusion**

The Court, accordingly, ORDERS that Defendant's [92] Motion to Dismiss is DENIED.

                                                /s/ *James E. Boasberg*
                                                JAMES E. BOASBERG
                                                Chief Judge

Date: November 16, 2023