## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN MOCK<br><br>　　　　　Defendant. | Crim. Action No. 21-CR-444 (JEB) |

### MOTION TO STAY SENTENCING PENDING SUPREME COURT'S RESOLUTION OF *FISCHER v. UNITED STATES*

Brian Mock, through counsel, respectfully moves this Court to vacate the sentencing hearing presently scheduled for January 19, 2024, and to stay proceedings in this matter until after the Supreme Court resolves *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

The question presented in *Fischer* is: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023).

Mr. Mock litigated this same question in his case and was convicted after a bench trial. Indeed, § 1512(c) represents the lead felony in Mr. Mock's case and impacts his recommended Guidelines sentencing range. Thus, resolution of *Fischer* will directly impact the validity of his conviction on that count as well what sentence

may be appropriate for him. Proceeding to sentencing in Mr. Mock's case will potentially prejudice him should the Supreme Court resolve *Fischer* in the defendant's favor, especially in light of the fact that he has already served a significant period of incarceration pretrial before his release on bond. It will also involve the expenditure of judicial resources that ultimately may prove to have been unnecessary based on *Fischer*'s outcome, i.e., a remand for resentencing at a minimum. While the final PSR has not been issued, because of the number of counts of conviction, Mr. Mock's guideline calculation is more complicated than many, and Counsel has raised numerous objections. The Probation Office has suggested in the draft PSR that Count One (the 1512 count) is governed by 2J1.2. This Count, under the Probation Office's assessment, calls for an adjusted offense level of 27. The adjusted offense levels for the other groups of charges are significantly less. Moreover, there is a multiple count adjustment that may be affected as well.

Therefore, in the interests of fairness and judicial economy, Mr. Mock requests that the Court stay sentencing in his case pending the Supreme Court's resolution of the *Fischer* appeal. Mr. Mock notes that he has been fully compliant on release, thus limiting any negative impact of a stay.

        Respectfully submitted,

        A. J. KRAMER
        FEDERAL PUBLIC DEFENDER

          /s/
        _____
        MICHELLE M. PETERSON
        Chief Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550

        Washington, D.C.  20004
        (202) 208-7500
        [Shelli_Peterson@fd.org](mailto:Shelli_Peterson@fd.org)