UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-444 (JEB) |
| | : | |
| BRIAN MOCK, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO STAY SENTENCING

The United States of America respectfully opposes Defendant Brian Mock's Motion to Stay Sentencing pending resolution of *Fischer v. United States* (ECF No. 108), which is, in effect, a motion to stay his sentencing until at least mid-2024.

On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The Supreme Court will consider the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which the defendant was convicted at trial in June and July 2023. This development does not merit a continuance of the sentencing hearing scheduled for January 19, 2024.

I.   **Background and Procedural History**

Brian Mock was arrested on June 11, 2021. After several continuances, Mock proceeded to a bench trial held conducted on June 20-22 and July 11-12, 2023. On July 12, 2023, the Court convicted Mock of Counts 1-4, 6-7, and 11 as charged, and convicted Mock of the lesser versions of Counts 5 and 8-10. The Court scheduled a sentencing hearing for October 10, 2023.

On July 16, 2023, Mock filed a motion for additional time to file post-trial motions (ECF No. 96). This, in effect, operated as a motion to continue the sentencing hearing. On July 17, the

Court granted Mock's motion, and on August 23, the Court vacated the October 10 sentencing hearing date, which the Court stated would be reset following resolution of Mock's forthcoming post-trial motions. Mock did not file any post-trial motions, however, and thus that continuance proved to be unnecessary. On November 8, the Court observed that Mock "has not filed any post-trial motions within the 90-day extension granted by the Court's Minute Order of July 17, 2023," and set a new sentencing date for January 19, 2024.

## II. Legal Standard

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

## III. Argument

Mock's motion should be denied because the relevant factors weigh against his request. First, the fact that the Supreme Court granted *certiorari* in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the

government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Moreover, one Circuit judge has explained how, even were the Supreme Court to reverse the Court of Appeals in *Fischer,* defendants who obstructed the certification would still be convicted. *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring). Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt. *Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been pending for years, and such developments did not previously merit a broad stay. Nothing has changed by virtue of the Supreme Court's decision to grant *certiorari* in *Fischer*.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the commission of the offenses on which Mock was convicted, and more than 11 months after the Court found the defendant guilty of not only violating § 1512(c)(2) but also of four assaults against police officers after a bench trial in July 2023. Delaying the sentencing for another six months or more would undermine the interests of the public in the timely adjudication of a case of great significance.

A further lengthy delay of sentencing for Mock would also afford him an unfair advantage not granted to other similar January 6 defendants, many of whom were also convicted of obstruction of Congress and whose Sentencing Guidelines calculations and sentences were heavily influenced by the fact that they were convicted of that offense.

Mock will not suffer any irreparable injury by proceeding with sentencing as scheduled next month. Even were the Supreme Court to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate the defendant's conviction or sentence in this case. And even if it did, the appropriate venue for challenging such a sentence would be a post-sentencing appeal, not a motion to set aside the verdict.

Indeed, a motion for a new trial under Federal Rule of Criminal Procedure 33 would be untimely, as more than 14 days have passed since the verdict in this case, and changes in the law do not constitute newly discovered evidence for purposes of Rule 33(b)(1)'s three-year timing requirement. *See, e.g.*, *United States v. King*, 735 F.3d 1098, 1108-09 (9th Cir. 2013) ("As we held in *United States v. Shelton*, 459 F.2d 1005 (9th Cir. 1972), a change in the law does not constitute newly discovered evidence for purposes of Rule 33."); *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence."); *United States v. Bailgey*, No. 92-3845, 1994 U.S. App. LEXIS 29946, at *4 (7th Cir. Oct. 24, 1994) ("A new legal theory does not qualify as newly discovered evidence under Rule 33. . . . We dismiss Bailey's claim as untimely because it does not qualify as newly discovered evidence and it was filed more than seven [now 14] days after his verdict."); *United States v. Blake*, No. 10 CR 349(RPP), 2011 WL 3463030, at *5 (S.D.N.Y. Aug. 5, 2011) ("New legal arguments are not considered newly discovered evidence

4

under Rule 33. . . . Therefore, according to Rule 33, such claims must be brought within fourteen days after the verdict."). The defendant "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999).

Moreover, obstruction of Congress was not Mock's only conviction. The defendant will also be sentenced for, among other convictions, four counts of assaulting police officers under 18 U.S.C. § 111(a)(1) and one count of civil disorder under 18 U.S.C. § 231(a)(3), all of which are outside the scope of the *Fischer* appeal. Even if the Supreme Court issues an adverse ruling to the government's position, and Mock were only to be sentenced on the § 111(a)(1) and § 231(a)(3) offenses, the government maintains that his guidelines range would be 57-71 months (based on offense level 25 and Criminal History Category I). Accordingly, it is unlikely that Mock would have served his full sentence on just the § 111(a)(1) and § 231(a)(3) convictions by mid-June 2024.

Moreover, if it does somehow happen that Mock serves his full sentence on the remaining counts of conviction before the Supreme Court resolves *Fischer*, Mock could move for release pending appeal at that point under 18 U.S.C. § 3143(b). *See, e.g., United States v. Donovan Crowl,* 21-cr-208 (APM) Dec. 20, 2023 Minute Order (denying motion to stay sentencing pending ruling in *Fischer* and noting that defendant also set to be sentenced for violation of 18 U.S.C. § 231(a)(3)).

Any potential irreparable injury to Mock can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b) as well. Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

   (1) "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and

   (2) that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Although the government would likely oppose such a motion, the possibility for release pending appeal is another factor favoring denial of Mock's motion to stay. The Bail Reform Act – not a stay of the proceedings – is the proper mechanism under which to address any potential prejudice to the defendant.

  For all these reasons, Mock's motion to stay sentencing for six months or more should be denied, and the Court should proceed with sentencing on January 19, 2024.

              Respectfully submitted,

              MATTHEW M. GRAVES
              United States Attorney
              D.C. Bar No. 481052

BY:  */s/ Michael M. Gordon*
    MICHAEL M. GORDON
    Senior Trial Counsel, Capitol Siege Section
    Assistant United States Attorney
    Florida Bar. No. 1026025
    400 N. Tampa Street, Suite 3200
    Tampa, Florida 33602-4798
    michael.gordon3@usdoj.gov
    (813) 274-6000

    */s/ Michael L. Jones*
    MICHAEL L. JONES
    Trial Attorney, Detailee
    D.C. Bar No. 1047027
    601 D St., NW


Washington, D.C. 20001
michael.jones@usdoj.gov
(202) 252-7820