UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 21-cr-444 (JEB) |
| | ) | |
| BRIAN MOCK, | ) | |
|               Defendant. | ) | |
| | ) | |

## UNOPPOSED MOTION TO APPEAR VIRTUALLY FOR RESENTENCING

Defendant Brian Mock, through undersigned counsel, respectfully moves, pursuant to Rule 43(c)(1)(B) of the Federal Rules of Criminal Procedure, to appear remotely via videoconference from his prison for his resentencing hearing currently scheduled for December 19, 2024, at 11:30 a.m.  The government does not oppose this request.  As grounds for this motion, the defense states as follows:

1.      On July 12, 2023, after a bench trial, Mr. Mock was found guilty of various offenses related to the events of January 6, 2021, including Obstruction of an Official Proceeding and Aiding and Abetting, 18 U.S.C. §§ 1512(c)(2) and 2; and sentenced to a total of 33 months' imprisonment to be followed by 24 months of supervised release.  On March 1, 2024, Mr. Mock filed a timely notice of appeal.

2.      During the pendency of his appeal, on June 28, 2024, the Supreme Court decided *Fischer v. United States*, 144 S. Ct. 2176, 2190 (2024), holding that Section 1512(c)(2) requires proof that the defendant impaired or attempted to impair "the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding."

3.      After careful consideration of the Supreme Court's decision in *Fischer*, the government decided that it would not defend Mr. Mock's § 1512(c)(2) conviction on appeal nor

would it pursue or otherwise defend that charge on remand. Therefore, the parties agreed that the Court of Appeals should vacate Mr. Mock's conviction and sentence on Count One for violating 18 U.S.C. § 1512(c)(2) and remand to this Court for further proceedings. On November 20, 2024, the D.C. Circuit vacated Mr. Mock's § 1512(c)(2) conviction and remanded to this Court, issuing its mandate the same day. Thereafter, pursuant to the Circuit's mandate, this Court scheduled an in-person resentencing hearing for December 19, 2024, at 11:30 a.m.

4. Mr. Mock wishes to waive his physical presence at resentencing and respectfully requests to appear at the resentencing by video from his prison. *See* Fed. R. Crim. P 43(c)(1)(B). Mr. Mock is currently incarcerated at FCI Sandstone in Sandstone, Minnesota. Transport to Washington, D.C. would be a lengthy enterprise and potentially delay Mr. Mock's resentencing. Granting this motion would be in the interests of justice as it would save the resources needed to bring him here and then return him to Minnesota, whether it be for release or to serve out any sentence he receives.

5. Due to Mr. Mock's incarceration, undersigned counsel has been unable to obtain a signed waiver of appearance; however, Mr. Mock is prepared to confirm his waiver of appearance orally at resentencing.

6. Counsel for the government has graciously stated that there is no objection to the granting of this motion.

WHEREFORE, Mr. Mock respectfully moves to appear remotely via videoconference from his prison for his resentencing hearing currently scheduled for December 19, 2024, at 11:30 a.m.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
ROSANNA M. TAORMINA
Assistant Federal Public Defender
625 Indiana Avenue, NW, Suite 550
Washington, D.C. 20004
(202) 208-7500